Filed 6/15/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G055311 |
|      v. | (Super. Ct. No. SWF028834) |
| NICHOLAS JOHN SMIT, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from an order of the Superior Court of Riverside County, Becky Dugan, Judge. Reversed and remanded.

Avatar Legal, Cynthia M. Jones, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kathryn Kirschbaum, Deputy Attorney General, for Plaintiff and Respondent.

\*       \*       \*

Proposition 64 legalized the recreational use of marijuana and reduced the penalties on various marijuana-related charges, including possessing marijuana for sale. (Health & Saf. Code, § 11359; all undesignated statutory references are to this code.) Pertinent to the issue in this appeal, the proposition also provided a vehicle for an individual to obtain postconviction benefit of the changes in the law if the individual does not have a disqualifying *prior* conviction. (§11361.8; see § 11359.)

Defendant Nicholas John Smit filed a petition in the superior court to reduce his felony possession of marijuana for sale conviction in the present matter to a misdemeanor. The superior court found defendant ineligible for relief because he was convicted of four counts of attempted murder in this matter, in addition to the drug conviction. We conclude a concurrent conviction for attempted murder in the same case in which the defendant was charged and convicted of possessing marijuana for sale does not render the defendant ineligible for resentencing on the marijuana count. We will reverse the superior court's order and remand the matter for further proceedings.

I

FACTS

Defendant is presently serving "four consecutive life terms, plus an additional term of more than 40 years" (*People v. Smit* (2014) 224 Cal.App.4th 977, 979 (*Smit I*)), for his convictions in the present matter for possession of marijuana for sale, in addition to a number of other drug and nondrug offenses, including four counts of attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a)), and one count of conspiring to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)). After the judgment was affirmed on appeal (*Smit I*, *supra*, 224 Cal.App.4th at p. 989), the electorate enacted Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act (sometimes, the Act). That proposition legalized marijuana use and reduced penalties for a number of marijuana-related offenses from felonies to misdemeanors. One such offense is possession of marijuana for sale. (§ 11359.) Proposition 64 further

2

provided a vehicle by which a defendant who previously suffered a felony conviction for one or more of the enumerated marijuana-related offenses may have the conviction(s) dismissed or reduced to a misdemeanor if the charged conduct would no longer qualify as a felony. (§ 11361.8.)

As stated above, the superior court summarily denied defendant's petition for resentencing on the possession of marijuana for sale conviction, finding him ineligible for resentencing based on his current convictions for attempted murder. Defendant now appeals.

II

DISCUSSION

This case presents a question of statutory interpretation, which we review de novo. (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1251.) The rules for interpreting legislative enactments and initiative measures are the same. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.) Our goal is to ascertain the intent of the statute. "'In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning. If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.]' [Citation.]" (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.) In doing so, we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." (*Ibid.*)

At the time of defendant's trial in this matter, possession of marijuana for purposes of sale was a felony. (Former § 11359, added by Stats. 2011, ch. 15, § 161, eff. April 4, 2011.) In 2016, the voters passed Proposition 64, legalizing recreational marijuana use. Pertinent to the issue herein, Proposition 64 amended section 11359, generally making it a misdemeanor offense. "Every person 18 years of age or over who possesses cannabis for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars

3

($500), or by both such fine and imprisonment." (§ 11359, subd. (b).) Even after the amendment, possession of marijuana for sale may still be charged as a felony if the defendant has a prior conviction for an offense that requires registration pursuant to Penal Code section 290, or has "one or more prior convictions for an offense" listed in Penal Code section 667, subdivision (e)(2)(C)(iv). (§ 11359, subd. (c)(1).)

Proposition 64 also added section 11361.8, a vehicle by which a defendant currently serving a sentence for a conviction for any of a number of marijuana-related statutes, including section 11359, may petition the trial court for resentencing or dismissal of the drug conviction if the offense is no longer a crime or is now a lesser offense. "A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, *who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense* may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8, subd. (a), italics added.) When a defendant files a petition pursuant to section 11361.8, subdivision (a), the trial court must presume the defendant qualifies for relief absent "clear and convincing evidence" the defendant does not satisfy the criteria set forth in subdivision (a) of the same section. (§ 11361.8, subd. (b).) If the defendant qualifies for resentencing, the trial court must grant the defendant relief unless it "determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid*.)

In response to defendant's petition for resentencing on his conviction for possession of marijuana for sale (count two),[1] the district attorney asserted defendant was not eligible for resentencing because he suffered a "super strike" conviction[2] in the present matter—four counts of attempted murder—and is serving a life sentence on those convictions. The superior court agreed. The court's order stated defendant was denied resentencing on his convictions for possession of marijuana for sale (former § 11359, repealed by Prop. 64, § 8.3, eff. Nov. 9, 2016), and for cultivation of marijuana (former § 11358, added by Stats. 2011, ch. 15, § 160, eff. April 4, 2011, repealed by Prop. 64, § 8.2, eff. Nov. 9, 2016), despite the fact the petition did not request resentencing on the cultivating marijuana conviction. The trial court erred.

The determination of whether the defendant is eligible for relief under section 11361.8, subdivision (a), requires the court to determine whether the defendant "would not have been guilty of an offense, or . . . would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense." That determination requires the court to apply recently enacted section 11359 to the facts to determine whether the defendant would have been convicted of a felony violation under that section had it been in effect at the time of the offense. Had the present version of section 11359 been in existence in 2009, when defendant committed his crime, he would not have been convicted of a felony violation absent proof he suffered a prior conviction for a super strike (§ 11359, subd. (c)(1)), had two or more prior convictions for possessing marijuana for sale (§ 11359,

_____

[1] Although defendant's opening brief asserts the petition sought resentencing on his convictions for possessing marijuana for sale (§ 11359) and cultivation of marijuana (§ 11358), the petition lists only the conviction for possession of marijuana for sale.

[2] The offenses listed in Penal Code section 667, subdivision (e)(2)(C), have been referred to as "'"super strike" offenses.'" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

subd. (c)(2)), sold or attempted to sell marijuana to a minor (§ 11359, subd. (c)(3)), or used a person 20 years of age or younger in the course of the violation (§ 11359, subd. (d)). Included in the list of the super strikes set forth in section 667 is the crime of attempted murder. (Pen. Code, § 667, subd. (e)(2)(C)(iv)(IV).) Defendant was convicted of four counts of attempted murder in the present matter.[3]

The fact that defendant was convicted of attempted murder in the same case in which he seeks relief under section 11361.8 does not make him ineligible for resentencing. This is because section 11361.8 makes an individual eligible for resentencing if he or she would not have been convicted of felony possession of marijuana for sale had the Act been in effect when he was charged with possessing marijuana for sale. (§ 11361.8, subd. (a).) In other words, a defendant is eligible for relief *unless* he could have been charged and convicted of a felony violation of section 11359, even if the Act been in effect at the time of the charged incident.

At the time defendant was charged with felony possession of marijuana for sale, he had not suffered any prior conviction of a so-called super strike. Thus, had the Act been in effect in 2009, the year of the alleged violation in this matter, defendant would not have been charged, much less convicted, of a felony for possessing marijuana for sale. Being charged with a super strike in the same case in which the defendant is charged with possession of marijuana for sale does not, under the Act, make the marijuana possession charge a felony. The statute requires a "prior conviction[]." (§ 11359, subd. (c)(1).)

Because defendant did not have a super strike prior conviction at the time he was charged with possessing marijuana for sale, he could not have been convicted in this case of felony possession of marijuana for sale. He would have been convicted of a

---

[3] Additionally, defendant was convicted of conspiring to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)), which also qualifies as a super strike. (Pen. Code, § 667, subd. (e)(2)(C)(iv)(VIII).)

misdemeanor violation. (§ 11359, subd. (b).) Thus, the subsequent convictions for attempted murder and conspiracy to commit murder did not render him ineligible for resentencing.

The Attorney General's reliance on cases interpreting the resentencing rules under Proposition 47 is misplaced. In 2014, the California voters passed Proposition 47, which reduced the penalties "for certain drug- and theft-related offenses, and reclassified those felonies as misdemeanors." (*People v. Walker* (2016) 5 Cal.App.5th 872, 875 (*Walker*).) Proposition 47 also enacted Penal Code section 1170.18. (*Ibid*.) That section provides a procedure by which a defendant convicted of a felony for an offense Proposition 47 reduced to a misdemeanor, can be resentenced on that conviction. (Pen. Code, § 1170.18.)

Like section 11361.8, under Proposition 47, a defendant convicted of a felony offense reduced to a misdemeanor by the proposition is generally eligible for resentencing on the reduced offense if the defendant "would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (Pen. Code, § 1170.18, subd. (a); compare with § 11361.8, subd. (a).) Unlike section 11361.8, however, Penal Code section 1170.18, subdivision (i), specifically provides the *resentencing provision* contained therein "does not apply to a person who has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

The *Walker* court found "[t]he term 'prior conviction[]' in section 1170.18, subdivision (i) is somewhat ambiguous in the [resentencing] context, raising the question of whether an applicant is disqualified from Proposition 47 relief for a super strike conviction suffered any time before application is made, or if only a prior super strike conviction that occurred before the felony conviction that is the subject of the Proposition 47 petition will disqualify an applicant from relief." (*Walker*, *supra*, 5 Cal.App.5th at

7

p. 876.) The court found the former interpretation was warranted because the Legislative Analyst's statement in ballot materials informed the voters that "'*no offender who has committed a specified severe crime . . . could be resentenced or have their conviction changed.*'" (*Id.* at pp. 876-877.) As the ballot materials contained no contradiction, "the Legislative Analyst's comment all but 'eliminates doubt' as to the correct interpretation of a ballot initiative.'" (*Id.* at p. 877.) "Indeed, '[n]othing in section 1170.18, subdivision (i) limits its application to time periods prior to the commission of the offense for which reclassification is sought. The plain language of the statute suggests a general disqualification regardless of when a defendant was convicted of the disqualifying offense.' [Citation.]" (*Ibid.*)

Of course the plain language referred to by the *Walker* court was found in the remedial statute, Penal Code section 1170.18, not in the statute reducing the crime to a misdemeanor. There is no plain language in section 11361.8 requiring the same interpretation. Indeed, it is section 11359, the charging statute, not the remedial resentencing statute that requires proof of a super strike prior conviction. The plain language of section 11359 requires the existence of a "prior" conviction to charge the crime as a felony. Thus, unless there was evidence defendant had suffered a prior strike conviction when he was charged with a violation of section 11359—and there is none here—defendant would not have been charged with, much less convicted of a felony violation had the present version of section 11359 existed at that time. Accordingly, he is eligible for resentencing under section 11361.8.[4]

The superior court erred in finding defendant ineligible for resentencing based on convictions suffered in the same case in which he was convicted of felony

---

[4] After this opinion was drafted, the Attorney General informed this court in a supplemental letter brief that reliance on *Walker*, *supra*, 5 Cal.App.5th 872, was inappropriate and agreeing that in the present context a disqualifying prior conviction must *predate* the charged offense.

possession of marijuana for sale.  That, however, is not the end of the analysis.  It merely means the defendant is *eligible* for resentencing.  On remand, the superior court will have to decide whether granting defendant relief "would pose an unreasonable risk of danger to public safety."  (§ 11361.8, subd. (b).)

## III

## DISPOSITION

The order denying the petition and finding defendant ineligible for resentencing is vacated.  The matter is remanded for further proceedings consistent with this opinion.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.


9