Filed 6/25/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ROY BOATWRIGHT,<br><br>      Defendant and Appellant. | A153352<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-13-74202) |

        Proposition 64 reduced or eliminated criminal penalties for various marijuana-related offenses and established a petitioning process for individuals to seek a reduction in sentence based on these changes in law. William Roy Boatwright was charged with possession of marijuana for sale and cultivation of marijuana, both felonies at the time, and later pleaded guilty to a single felony count of accessory. Defendant appeals from the denial of his petition for resentencing. This appeal presents an issue of first impression, whether a defendant convicted of felony accessory is categorically ineligible for resentencing under Proposition 64 because the crime of accessory is not specifically mentioned in the statute. We conclude defendant was eligible for resentencing and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

        In September 2013, law enforcement officers executed a search warrant for a residence in Ukiah and seized 107 pounds of marijuana, four grams of methamphetamine, drug paraphernalia, a vacuum-sealing device, and 60 pounds of marijuana shake. Defendant was seen walking from the front door of the house and was detained. He told officers he was helping a friend package the marijuana inside the house. He was arrested.

The People filed an information charging defendant with possession of marijuana for sale (Health & Saf. Code,[1] § 11359) and cultivation of marijuana (§ 11358). At the time, both crimes were classified as felonies. (Former §§ 11358 & 11359, as amended by Stats. 2011, ch. 15, §§ 160 & 161, eff. Apr. 4, 2011.) The information also charged two prior prison term enhancements pursuant to Penal Code section 667.5, subdivision (b). Under a negotiated disposition, defendant pleaded guilty to a single felony count of accessory (Pen. Code, § 32),[2] and the trial court dismissed the balance of the charges. Because defendant was found to have played a minimal role in this offense, the court suspended imposition of sentence and placed him on three years' formal probation. He served 228 days in county jail and received 114 days of credit for time served.

Between August 2015 and December 2016, defendant's probation was revoked twice and he was ordered to serve a total of 135 days in jail. After a third probation violation petition was filed in December, the trial court continued the hearing to allow briefing on what effect, if any, the recent passage of Proposition 64 may have on the probation proceedings. The court ordered defendant released from custody and tolled his probation pending the hearing.

Defense counsel petitioned for a reduction in defendant's sentence under Proposition 64. Counsel explained, "Although Proposition 64 does delineate the specific crimes to which it applies, the results in this case would be absurd and unjust if [defendant] were not afforded that relief" because "[b]oth of the original counts against [him] would now be misdemeanors." Counsel also noted that defendant was not otherwise disqualified from seeking postconviction relief as he had no prior drug-related

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

[2] Penal Code section 32 provides: "Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony." This is a "wobbler" offense. (See Pen. Code, § 33.)

2

convictions or super strikes and was not a sex registrant.  The trial court denied defendant's petition on the basis that "he's not specifically covered under Proposition 64 . . . ."  The court expressed concern over defendant's repeated violations of probation and stated he "should get some sanction for what he's done."  The court permanently revoked probation and sentenced defendant to serve the middle term of two years and ordered him to pay various fines.  After applying 794 days of custody credits for time served, defendant was released from custody.

## DISCUSSION

### I.  Standard of Review

Whether defendant's accessory conviction is eligible for resentencing under Proposition 64 "presents a question of statutory interpretation, which we review de novo."  (*People v. Medina* (2018) 24 Cal.App.5th 61, 66 (*Medina*).)  "We review voter initiatives by applying the same principles that govern our interpretation of statutes passed by the Legislature.  [Citation.]  In doing so, we turn first to the words of the provision adopted by voters, giving language its plain and ordinary meaning.  [Citation.]  If the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'  [Citation.]  We construe statutory language 'in context, keeping in mind the statutes' nature and obvious purposes,' and we 'harmonize the various parts of the enactments by considering them in the context of the statutory frame work as a whole.' "  (*People v. Laird* (2018) 27 Cal.App.5th 458, 463.)

### II.  Proposition 64

On November 8, 2016, voters passed the Control, Regulate and Tax Adult Use of Marijuana Act, more commonly known as Proposition 64.  Proposition 64 legalized the recreational use of marijuana and reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana.  The law provides gradations of punishment for certain marijuana-linked conduct based on factors such as a person's age, prior criminal history, and the quantity of marijuana in question.  With certain exceptions not pertinent here, section 11359 now provides:  "Every person

3

18 years of age or over who possesses [marijuana] for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment." (§ 11359, subd. (b).)[3] Section 11358 states the crime of cultivation, again with certain exceptions, "shall be punished as follows: [¶] . . . [¶] Each person 18 years of age or over who plants, cultivates, harvests, dries, or processes more than six living [marijuana] plants shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both that fine and imprisonment." (§ 11358, subd. (c).) (See § 11360, subd. (a)(2) [unlawful transportation of marijuana by a person 18 years of age or over punishable as a misdemeanor offense].)

Proposition 64 sets forth a procedure that allows an individual currently serving a sentence to seek postconviction relief based on these changes in the law if the individual does not have a disqualifying prior conviction. (§§ 11361.8, 11360.) Eligibility for the petitioning process is described in section 11361.8, subdivision (a) and provides as follows: "A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act."

The trial court must presume the defendant is entitled to relief absent "clear and convincing evidence" he or she does not satisfy the criteria set forth in subdivision (a). (§ 11361.8, subd. (b); see *People v. Smit* (2018) 24 Cal.App.5th 596, 600–601 (*Smit*).) If the defendant qualifies for resentencing, the trial court "shall grant the petition" unless it

___

[3] A more recent amendment to sections 11359 and 11358 substituted the word "cannabis" for "marijuana." (Stats. 2017, ch. 27, § 124, eff. June 27, 2017.)

"determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid.*) The measure explains that an " 'unreasonable risk of danger to public safety' has the same meaning as provided in subdivision (c) of Section 1170.18 of the Penal Code," namely, "an unreasonable risk that the petitioner will commit a new violent felony [under Penal Code section 667, subdivision (e)(2)(C)(iv)]." (§ 11361.8, subd. (b)(2); see Pen. Code, § 1170.18, subd. (c).)

### III. Analysis

The trial court below found that defendant was not eligible for resentencing because the crime of accessory is not specifically enumerated in Proposition 64. We conclude the trial court misconstrued the scope of relief obtainable under Proposition 64.

"The determination of whether the defendant is eligible for relief under section 11361.8, subdivision (a), requires the court to determine whether the defendant 'would not have been guilty of an offense, or . . . would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act *had that act been in effect at the time of the offense*.' " (*Smit*, *supra*, 24 Cal.App.5th at p. 601, italics added.) The relevant inquiry here is whether the defendant would have been convicted of accessory had Proposition 64 been in effect at the time of his offense. He would not.

An accessory is a person "who, after a *felony* has been committed, harbors, conceals, or aids a principal *in such felony*, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof . . . ." (Pen. Code, § 32, italics added). As the statutory language makes clear, conviction as an accessory requires that "someone other than the accused, that is, a principal, must have committed a specific, completed *felony* . . . ." (*People v. Nuckles* (2013) 56 Cal.4th 601, 607, italics added [listing the elements of the offense].)

Defendant was arrested while exiting a marijuana growth house and was originally charged with two offenses, possession for sale of marijuana under section 11359 and cultivation of marijuana under section 11358, prior to defendant's entry of a guilty plea for accessory. The record does not indicate whether a principal was separately charged

5

with a crime, but at disposition the People stipulated to the following factual basis for defendant's plea: "On the date alleged in the County of Mendocino, the defendant knowing that others were processing marijuana either for sale or for transportation to others, assisted them after the fact." The record thus discloses that the completed felony which formed the basis for defendant's accessory conviction was either possession of marijuana for sale, cultivation, or transportation of marijuana. As discussed above, under statutory amendments to sections 11358, 11359, and 11360, each of these offenses is punishable as a misdemeanor under Proposition 64. It follows that defendant would not have been convicted of accessory to a *misdemeanor* had Proposition 64 been in effect at the time of the offense, and defendant was eligible for resentencing.[4]

That Penal Code section 32 is not specifically enumerated in section 11361.8 does not alter our conclusion. Section 11361.8 provides that the trial court must evaluate a resentencing petition "*in accordance with* Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8, subd. (a), italics added). Under a plain reading of this subdivision, petitions for resentencing or dismissal must be evaluated "in accordance with" the manner in which the statutory sections enumerated in section 11361.8 were amended or added by Proposition 64. These statutory amendments underpin the trial court's analysis whether a defendant "would not have been guilty of an offense, or who would have been guilty of a lesser offense" had Proposition 64 been in effect at the time

---

[4] This case is thus distinguishable from *Medina*, in which the appellate court concluded a felony conspiracy conviction based on possession of marijuana for sale was not eligible for reduction under Proposition 64. (*Medina*, *supra*, 24 Cal.App.5th at p. 65). The conspiracy crime in *Medina* became a wobbler offense chargeable either as a felony or misdemeanor, and application of Proposition 64 did not mean the defendant *would not* be guilty of a lesser offense. (*Id.* at p. 66.) The appellate court further concluded that "felony conspiracy is a more serious crime than the underlying misdemeanor" (*id.* at p. 67) and noted that the defendant had conspired to sell at least 35 pounds of marijuana (*id.* at pp. 65). Here defendant played a minimal role in the offense and, as a matter of law, cannot be subjected to accessory liability for a principal's commission of a misdemeanor offense.

6

of the offense. The wording of section 11361.8, however, does not limit postconviction relief to just those sections enumerated in the statute.

As our Supreme Court has explained in discussing a substantially similar resentencing provision under Proposition 47, "the requirement that resentencing occur 'in accordance with' one of the nine code sections listed in Penal Code section 1170.18[, subdivision] (a) does not make resentencing eligibility contingent upon the petitioner having been *convicted* under one of those provisions." (*People v. Martinez* (2018) 4 Cal.5th 647, 652.) Rather, a defendant's eligibility for resentencing turns on whether he or she "would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . .' " (*Ibid.*) (See *People v. Page* (2017) 3 Cal.5th 1175, 1184, 1187 [defendants convicted under Veh. Code, § 10851 for theft of an automobile worth $950 or less were eligible for resentencing under Prop. 47 even when the offense was not enumerated in Pen. Code, § 1170.18, subd. (a)].) "[I]dentical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or analogous subject matter." (*People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6.)

Our conclusion that a defendant convicted of accessory to a marijuana-related felony may be eligible for resentencing under Proposition 64 is further supported by the measure's legislative history. Proposition 64 was intended, in part, to "[p]reserve scarce law enforcement resources to prevent and prosecute violent crime," and to "[a]uthorize courts to resentence persons who are currently serving a sentence for offenses for which the penalty is reduced by the act, so long as the person does not pose a risk to public safety, and to redesignate or dismiss such offenses from the criminal records of persons who have completed their sentences as set forth in this act." (Prop. 64, § 3, subds. (w) & (z).) In the voter guide to Proposition 64, the Legislative Analyst explained, "Under the measure, individuals serving sentences for activities that are made legal or are subject to lesser penalties under the measure would be eligible for resentencing. For example, an offender serving a jail or prison term for growing or selling marijuana could have their sentence reduced. (A court would not be required to resentence someone if it determined

7

that the person was likely to commit certain severe crimes.) Qualifying individuals would be resentenced to whatever punishment they would have received under the measure." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016), analysis of Prop. 64 by the Legis. Analyst, p. 95.) In light of the voter's apparent intent to reduce penalties for nonviolent marijuana offenses and provide postconviction relief for these offenses, it would be anomalous for the principals in this case to be allowed to seek resentencing while denying defendant the same opportunity.

On appeal, the Attorney General does not assert that Proposition 64 is limited only to those crimes enumerated within section 11361.8, subdivision (a). Instead, he contends defendant is not entitled to relief "because while he *could* have been guilty of a lesser offense had Proposition 64 been in effect at the time of his offense, nothing in the record suggests that his accessory conviction was predicated on a crime reducible under Proposition 64." In support, he notes the People argued below that defendant had been involved with a " 'drug factory,' " asserting that the plea bargain had " 'intended to cover all the drugs in the house,' " including the four grams of methamphetamine. The Attorney General also asserts the trial court " 'never clarified' " the underlying felony of the accessory conviction.

On the contrary, the underlying felonies were clearly identified at the time of defendant's conviction. As discussed above, the People stipulated to the following factual basis for defendant's plea: "On the date alleged in the County of Mendocino, the defendant knowing that others were processing marijuana either for sale or for transportation to others, assisted them after the fact." The stipulation makes no mention of any drugs other than marijuana. It is true that under Proposition 64, certain marijuana-related offenses may still be punished as a felony, for example if a person has certain prior convictions, if their cultivation results in substantial environmental harm, if they sell or attempt to sell to a minor, or if they knowingly use a person 20 years of age or younger in cultivating, transporting, or selling marijuana. (See §§ 11358, subds. (c) & (d), 11359, subds. (c) & (d), 11360, subd. (a)(3).) But the record is devoid of any evidence that the defendant or a principal engaged in felonious behavior of this kind.

Under section 11361.8, subdivision (b), the trial court "*shall presume* the petitioner satisfies the criteria in subdivision (a) *unless* the party opposing the petition proves *by clear and convincing evidence* that the petitioner does not satisfy the criteria." (Italics added.) No such clear and convincing evidence was presented below that would disqualify the defendant from Proposition 64 relief. While a small amount of methamphetamine was found in the Ukiah home, there is no evidence that defendant had any involvement with it, and the stipulated facts recited at the plea hearing make no mention of it. The only evidence in the record supports the conclusion that defendant's accessory conviction was predicated on crimes that were reduced to misdemeanor offenses under Proposition 64.

## CONCLUSION

We conclude the trial court erred in finding defendant categorically ineligible for resentencing under Proposition 64 based on his felony accessory conviction and remand to allow the trial court to consider defendant's request for resentencing in a manner consistent with this opinion. The trial court approached the matter thoughtfully, recognizing this case poses an issue of first impression. We do not fault the court for failing to anticipate our decision here.

We raise an additional matter for the court's consideration on remand. It appears that defendant may have completed his sentence during the pendency of this appeal. If so, then the statutory basis for defendant's petition may have changed, and along with it, the procedures the trial court must apply and the form of relief defendant may seek. (See §§ 11361.8, subd. (a) [petitioning process for a person currently serving a sentence]; 11361.8, subd. (e) petitioning process for a person who has completed his or her sentence].) We express no opinion as to the resolution of these issues.

## DISPOSITION

The order denying the petition and finding defendant ineligible for resentencing under section 11361.8 is vacated. The matter is remanded for further proceedings consistent with this opinion.

9

                                               _____\
                                               Sanchez, J.

WE CONCUR:


_____\
Margulies, Acting P. J.


_____\
Banke, J.

*A153352  People v. Boatwright*

10

Trial Court:   Mendocino County Superior Court

Trial Judge:   Hon. John A. Behnke

Counsel:

First District Appellate Project, Jonathan Soglin, Executive Director, Stephanie Clarke and Deborah Rodriguez, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Catherine A. Rivlin and Jalem Z. Peguero, Deputy Attorneys General, for Plaintiff and Respondent.

*A153352  People v. Boatwright*