Filed 7/11/23  P. v. Scott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096477 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82011) |
| v. | |
| THOMAS CHARLES SCOTT, | |
| Defendant and Appellant. | |

In 2012, a jury found defendant Thomas Charles Scott guilty of several marijuana-related felony offenses and possession of child pornography.  Defendant also admitted he sustained multiple  violent felony convictions in 1990, all stemming from a single criminal case.  The trial court sentenced him to an aggregate term of 25 years to life in prison.

1

After the voters passed the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64, as approved by voters, Gen. Elec. (Nov. 8, 2016)) (Proposition 64), defendant petitioned the trial court to resentence his marijuana-related convictions and the court denied the petition. We remanded the matter with directions, as we detail *post*. On remand, the court declined to resentence defendant, finding he posed an unreasonable risk of danger to public safety.

Defendant argues on appeal that the trial court abused its discretion. As we will explain, we agree and will reverse and remand for a new hearing on defendant's petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, a jury found defendant guilty of cultivating marijuana (Health & Saf. Code, § 11358; count I),[1] possession of marijuana for sale (*id*., § 11359; count II), possession of concentrated cannabis (*id*., § 11357, subd. (a); count III), maintaining a place for selling or using controlled substances (*id*., § 11366; count IV), and possession of matter depicting a minor engaging in sexual conduct (Pen. Code, § 311.11, subd. (b); count V). Defendant also admitted 10 prior violent felony convictions sustained in 1990. (*id*., §§ 667, subd. (b)(1), 1170.12, subd. (a)-(d)).

The trial court sentenced defendant to 25 years to life in state prison on count I, plus a concurrent term of 25 years to life on count 5. It stayed sentences of 25 years to life on counts II through IV pursuant to Penal Code section 654.

In 2020, the Department of Justice identified defendant as "potentially eligible" under Proposition 64 for recall or dismissal of his sentence or redesignation of some of his convictions. (*People v. Scott* (Nov. 15, 2021, C093047) [nonpub. opn.] (*Scott*).)[2] The trial court denied relief as to counts I and II, but reduced count III to a misdemeanor,

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] We construe defendant's request for judicial notice of the record in *Scott*, *supra*, C093047 as a motion to incorporate by reference and grant that motion.

2

sealed the conviction, and deemed it time served. Defendant appealed the decision. We concluded the court was unaware of its discretion to redesignate counts I and II as misdemeanors under Proposition 64 and remanded the matter. We further noted that, because the court never considered whether Proposition 64 applied to count IV, defendant was permitted to raise that issue on remand. (*Scott*, *supra*, C093047)

On remand, defendant sought resentencing on counts I, II, and IV. He argued that he did not present an unreasonable risk of danger to public safety because his offenses involved no victims or use of deadly weapons, his prior offenses were remote, he had not sustained new convictions while incarcerated for the current offenses, he maintained employment throughout incarceration and continued to better himself, and he had support from his friends and family. At the hearing on June 14, 2022, defendant testified that, during his time in custody, he received only two violation reports for taking his shirt off when the prison's cooling system broke down in a heat wave. He had multiple health problems and would turn 65 years old in November 2022.

At the conclusion of defendant's testimony, the trial court directed both counsel to "put your closing arguments in writing." The court indicated that it wanted the parties to address "some specific issues," including which of the 10 prior sexual offenses were properly classified as super strikes[3] and the proper determination of the classification "unreasonable risk of danger to public safety" as compared to that contained on other statutory resentencing provisions.

At the continued hearing on June 20, 2022, the trial court discussed the prior convictions with counsel; all seemed to agree that the questions of whether the victim was under 14 and whether any or all the prior crimes were, in 1989 when they were

---

[3] Super strikes refer to violent felonies within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Penal Code section 667. (*People v. Strother* (2021) 72 Cal.App.5th 563, 570.)

3

committed, super strikes, was unresolved. However, the court concluded the priors were "super strikes per se to some extent," and defense counsel agreed that at least some of the charges were possibly super strikes, although he argued (and the court agreed) that regardless of their status as super strikes, the convictions were not "automatic disqualifiers." Counsel also emphasized the convictions' remoteness.

The trial court then denied relief, finding defendant posed an unreasonable risk of danger to public safety.[4] In ruling, the court first noted defendant's prior convictions were "some of the most heinous crimes that one could be convicted of." The court then indicated that although it "certainly underst[ood] the defendant's current medical status, his age, his health, his prison record or lack thereof, plus his explanation of the one instance where he was in essence written up but that was for lack of a shirt, along with his plans upon release," it was "most concerned" with the fact that defendant committed the charged felony drug crimes after his release, and even "more importantly," possessed child pornography as a prior registrant, which elevated the punishment for that charge (from a wobbler) to a "2/4/6" felony. The court concluded that defendant, "having been given the chance of rehabilitating himself when he was released from state prison, decided not to do that, engaged in more criminal conduct; and . . . gets convicted of having in essence child pornography. And that indicates to the Court that the People have met their burden that he is an unreasonable risk." At the end of the hearing, the court clarified that it was "specifically making the finding that under any definition [defendant] would be an unreasonable risk, but specifically the Court is finding that the defendant would be someone who would commit a new super strike."

Defendant timely appealed on June 24, 2022. The case was fully briefed on April 24, 2023, and assigned to the current panel on May 5, 2023.

_____

[4] The trial court assumed, without deciding, that Proposition 64 applies to count IV for violation of section 11366.

4

## DISCUSSION

Defendant argues the trial court abused its discretion in finding that he posed an unreasonable risk of danger to public safety and denying his petition on that basis. He contends the remoteness of his prior convictions, his age, health, and record of rehabilitation, all suggested he is not currently dangerous. He adds that the trial court failed to consider the 25-year-to-life prison sentence he was already serving for the possession of child pornography conviction in determining his dangerousness. As we next explain, we agree the court's determination of unreasonable risk to public safety is not supported by substantial evidence in the record.

Proposition 64 added section 11361.8, setting forth procedures for persons convicted of marijuana-related felonies and currently serving a sentence for such convictions to petition for recalling their sentences or for resentencing. (§ 11361.8, subd. (a); *People v. Smit* (2018) 24 Cal.App.5th 596, 600.) Eligible petitioners are entitled to relief "unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (§ 11361.8, subd. (b).) An "unreasonable risk of danger to public safety" means an unreasonable risk that the petitioner will commit a new super strike. (§ 11361.8, subd. (b)(2); Pen. Code, § 1170.18, subd. (c).) The super strikes include, as relevant here, sexually violent offenses and various sexual acts with a child under 14 years of age. (Pen. Code, § 667, subd. (e)(2)(C)(iv).) In determining whether to grant a section 11361.8 petition, the trial court may consider the petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; the petitioner's disciplinary record and record of rehabilitation while incarcerated; and any other relevant evidence. (§ 11361.8, subd. (b)(1); Pen. Code, § 1170.18, subd. (b).)

We review the trial court's determination of unreasonable risk of danger for abuse of discretion. (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242; see *People v. Saelee* (2018) 28 Cal.App.5th 744, 748-749.) A trial court abuses its discretion when it "bases

5

its decision on express or implied factual findings that are not supported by substantial evidence." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

In *People v. Williams* (2018) 19 Cal.App.5th 1057, this court held in the context of an appeal from a denial of resentencing pursuant to Penal Code section 1170.126, which concerns the same finding of unreasonable risk of danger to public safety at issue here (see *id*., § 1170.126, subd. (f)), as follows: "[G]ranting the petition would not entitle defendant to be released. Rather, the dangerousness determination would be deferred until defendant was 77 and would be vested in the Board of Parole Hearings. ([Pen. Code,] § 3041, subd. (b)(1); Cal. Code Regs., tit. 15, § 2402, subd. (a).) Resentencing poses significantly less danger to society if it is contingent on a finding at some future date that the defendant no longer poses a threat to society. (See [Pen. Code,] § 3041, subd. (b)(1) ['The panel or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual.'].) The trial court's failure to consider when, if ever, defendant would be released if the petition was granted was an abuse of discretion." (*Williams*, at pp. 1063-1064.) In that case, we reversed the denial of the resentencing petition and remanded for additional proceedings. (*Id.* at p. 1064.)

Here, the trial court's finding that defendant poses an unreasonable risk of danger to public safety was similarly unsupported by substantial evidence. Defendant's prior violent felony convictions are more than 33 years old and were all committed on the same day, in a single episode of criminal conduct. His current marijuana-related felonies may be redesignated as misdemeanors, and his possession of child pornography conviction, though "reprehensible" as his briefing admits, is neither a super strike offense nor a violent felony. Except for these offenses, defendant has not been convicted of

criminal conduct since 1990 and has a minimal disciplinary record while in custody for his current convictions.

Moreover, and critically for our determination here, at the time of the hearing defendant was 64 years old  and had served approximately 10 years of his 25-year-to-life term for count V.  That sentence would not be affected by the petition and was ordered served concurrently with the 25-year-to-life term for count I.  With the sentences on counts II and IV already stayed, granting the petition would not entitle defendant to be released or alter defendant's time in prison.  Defendant would remain in custody until he is near 80, when he first becomes eligible for parole, and the Board of Parole Hearings would determine defendant's dangerousness at that time.  (See *People v. Williams, supra*, 19 Cal.App.5th at p. 1063.)  "Resentencing poses significantly less danger to society if it is contingent on a finding at some future date that the defendant no longer poses a threat to society."  (*Id.* at pp. 1063-1064.)  Indeed, it is physically impossible for defendant to commit a super strike offense involving a minor while in prison, and, as we have noted, future commission of such offense appeared to be the trial court's primary concern.  Thus, the court abused its discretion in denying the petition by not considering defendant's current sentence, that would remain in place were the petition to be granted, defendant's dangerousness considering his anticipated age *upon release*, and that defendant would still be subject to a parole determination on dangerousness before any release.

The Attorney General briefly argues defendant has forfeited his claim that the trial court failed to consider the length of his entire sentence when determining his dangerousness.  We reject this argument because defendant's claim "do[es] not invoke facts or legal standards different from those the trial court was asked to apply." (*People v. Carasi* (2008) 44 Cal.4th 1263, 1289, fn. 15.)  The Attorney General cites *Williams* and adds that "[i]n the event this Court considers the merits of whether the trial court failed to consider when appellant would be released if the petition was granted, the

7

appropriate remedy, as in *Williams*, is to reverse and remand to allow the trial court to determine whether appellant should be resentenced under this standard." We agree with that assertion.

## DISPOSITION

The trial court's order denying defendant's petition is reversed. The matter is remanded for the trial court to conduct a new hearing on defendant's petition.


_____/s/_____
Duarte, Acting P. J.


We concur:



_____/s/_____
Renner, J.



_____/s/_____
Horst, J.*


_____

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8