Filed 8/20/25  P. v. Scott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C100536 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82011) |
| v. | |
| THOMAS CHARLES SCOTT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thomas Charles Scott has asked this court to review the record of his third resentencing in this case, and to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief raising multiple issues.  We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, defendant was convicted of multiple marijuana-related felony charges and possession of child pornography with multiple prior serious felonies, which included

violent sexual assault convictions in 1990.  The trial court sentenced him to prison for 25 years to life.  He subsequently sought to have his marijuana-related convictions resentenced under the Control, Regulate and Tax Adult Use of Marijuana Act (Prop. 64, as approved by voters, Gen. Elec. (Nov. 8, 2016) (Proposition 64)), which reduced or eliminated criminal penalties for various marijuana-related offenses.  (Health & Saf. Code, § 11362.1; *People v. Scott* (Nov. 15, 2021, C093047) [nonpub. opn.] (*Scott II*).)  The trial court reduced one of the convictions to a misdemeanor but otherwise left the sentence unchanged.  Defendant appealed, and this court remanded the matter.  (*Ibid.*)  In 2022, the trial court declined to resentence defendant.  (*People v. Scott* (Jul. 11, 2023, C096477) [nonpub. opn.] (*Scott III*).)  Defendant again appealed, and this court again remanded the matter for a new hearing.  (*Ibid.*)[1]

On remand, defendant argued he did not currently pose an unreasonable risk of danger to public safety as defined in Penal Code section 1170.18.  His criminal history was remote and had decreased in seriousness.  During his 12 years of incarceration, he had not engaged in any violent conduct or obtained any new convictions.  He had also engaged in rehabilitative efforts including education programs.

The prosecution asked the trial court to leave defendant's sentence unchanged. Defendant had his first parole eligibility hearing in June 2023, and the parole board found defendant ineligible for parole because at the time he posed an "unreasonable risk to public safety."  When asked about his 1990 convictions during the hearing, defendant admitting to driving the victim (who was a minor at the time) to his companion's residence and then sharing drugs with her.  However, he denied engaging in any sexual

---

[1] Undesignated statutory references are to the Health and Safety Code.

On the court's own motion, we incorporate by reference this court's unpublished opinions in three of defendant's prior appeals.  (*People v. Scott* (Oct. 31, 2014, C071590) [nonpub. opn.]; *Scott II, supra*, C093047; *Scott III, supra*, C096477.)

conduct with her.  In addition to denying any responsibility for the rape and sexual assault of the victim, defendant attempted to blame a judge for the fact that his convictions were not reversed.  Defendant told the parole board that he had done "minimal programming" in prison, and he did not think it was important.  Instead, he was focused on working to prove his innocence.  He similarly had no remorse for his 2012 convictions and blamed his "bad attorney."  The parole board stated defendant's next eligibility hearing would be in five years (2028), although defendant could request an earlier hearing based on changed circumstances or new information.  The commissioner recommended defendant "remain disciplinary free," and engage in programming, including sex offender, victim impact, and substance abuse treatment.  The prosecution filed a copy of the hearing transcript.

In a subsequent brief, the prosecution notified the trial court that defendant had first become eligible for parole in January 2019.  He also had a pending habeas corpus petition in *Scott v. Bird* (E.D.Cal. June 5, 2024, No. 2:23-cv-00936-DAD-JDP (HC)) (case No. 0936) related to the 2012 child pornography possession conviction.  The prosecution also argued the transcript from the parole board hearing transcript was admissible under Health and Safety Code, section 11361.8, subdivision (b)(1) and Penal Code, section 1170.18, subdivision (b).

Turning to the underlying facts of defendant's 1990 convictions, the prosecution informed the court that there was no trial transcript available.  However, the prosecution attached multiple documents from the time of the trial to establish the details of defendant's crimes, including a transcript from defendant's preliminary hearing where the victim gave detailed testimony about the sexual assaults.  She was 14 years old when defendant and his companion handcuffed her to a bed and repeatedly raped her, repeatedly and forcibly orally copulated her, and inserted a foreign object into her vagina.  At one point, defendant put duct tape on the victim's mouth to keep her quiet.  The prosecution also attached (1) two police reports from the incident; (2) an excerpt of this

3

court's opinion from defendant's original appeal of his 1990 convictions, which includes a factual and procedural background that summarizes defendant's trial testimony (*Scott I, supra*, C071590); and (3) an excerpt from the 1990 probation report, which contained defendant's statement to the probation officer regarding the incident. The prosecution asked the trial court to maintain the sentence because defendant at the time posed an unreasonable risk to public safety.

Defendant filed a brief arguing he had only received two non-violent rule violations since being incarcerated. His only criminal history was his 1990 and 2012 convictions. His 1990 convictions were remote, and the 2012 convictions were "much less serious than the 1990 convictions." He was now over 60 years old, was "declining in health," and had remained "trouble free" since being incarcerated in June 2011. He attached a copy of his habeas petition from case No. 0936 involving the 2012 convictions, which alleged (1) the trial court failed to give a required jury instruction regarding the meaning of "knowingly possessed" under Penal Code section 311.11, and (2) defendant's appellate counsel failed to raise the issue on appeal.

At the start of the February 2024 hearing, which was held via videoconference, the trial court granted defense counsel's request for a private conference with defendant, since the two had not spoken since earlier that month. When they were done, defense counsel said he was ready to proceed. The parties agreed that, although defendant's next parole hearing was scheduled for June 2028, he could petition for an earlier hearing.

Defendant testified he had been unable to sign up for rehabilitative programs because he was placed at the bottom of the list due to his 25 year-to-life sentence. He did not need substance abuse treatment because he avoided alcohol and had not used methamphetamine since 1989. If he was released, defendant planned to "excuse [him]self" for any "negative" or illegal behavior. Despite his 2012 convictions, he had complied with "state guidelines" and had not broken the law. Defendant claimed his 1990 convictions stemmed from a "fully consensual" exchange of sex for drugs, although

4

he did not remember participating in the sexual acts. He had done "great" while on parole for the 1990 convictions and had no violent incidents during his incarceration for the 2012 convictions.

Defendant objected that the police reports attached to the prosecution's brief were hearsay, and the trial court agreed and found them inadmissible. Defendant did not object to the additional evidence submitted by the prosecution, and the court admitted that evidence.

Defendant argued that his conduct on only "one day" in 1989 had led to his 1990 convictions and the rest of the trouble that followed him. Given how much time had elapsed since then without a serious or violent incident, he did not pose an unreasonable risk to public safety. The prosecution disagreed, arguing the 1990 crimes were extremely serious. In addition, defendant had refused to accept responsibility for any of his crimes, and he had engaged in "minimal" self-help.

After both lawyers made their arguments, defendant asked to speak with defense counsel, explaining that there had been an evidentiary hearing that had brought his 1990 convictions into doubt. The trial court noted that defendant had prior opportunities to speak with his counsel, including at the start of the hearing, and that "now is not the time and place" to raise "ancillary information" regarding convictions already upheld on appeal. Defendant said he understood. The trial court asked defense counsel if he needed to speak with defendant, and counsel responded, "I don't believe so." The court invited defense counsel to make any additional argument, and he again noted defendant's good behavior during his current incarceration.

As relevant here, the trial court explained it would consider whether defendant would commit a new violent felony (Pen. Code, § 667, subd. (e)(2)(C)(iv)), and the test was "necessarily a forward-looking inquiry," requiring it to consider defendant's release date. The court noted that, during his parole hearing, defendant had "denounced" rehabilitative programming. Defendant had also denied committing the sexual crimes

5

from the 1990 convictions, despite the jury's guilty finding.  Defendant gave similar testimony during the hearing about the 1990 and 2012 convictions, and the court did not find his denials credible.  The court was very troubled by defendant's refusal to take responsibility for his actions or show any remorse.  In addition, defendant showed an "ongoing" and "unbroken" pattern of committing crimes against minors, including the "heinous" 1990 sexual offenses.  Given that defendant "could be paroled at any moment," the court found defendant posed an unreasonable risk and declined to reduce defendant's sentence.

Defendant timely appealed.

In September 2024, pursuant to a request from defendant's appointed counsel under Penal Code section 1237.1, the trial court filed an amended abstract of judgment that updated defendant's presentence custody credits to 3,395 actual days as of the October 2020 resentencing.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  Defendant filed a supplemental brief raising multiple arguments, which we next discuss and reject as meritless.[2]

---

[2] Defendant asks this court to take judicial notice of multiple documents.  Given that defendant's habeas petition filed in case No. 0936 is already part of the record on appeal, we deny as unnecessary his request to take judicial notice of the petition.

We also deny defendant's remaining requests for judicial notice of:  (1) all documents filed in Madera County case No. MCR069165A, (2)  the People's motion to dismiss defendant's habeas petition in case No. 0936, and (3) two excerpts from the reporter's transcript from his trial in 2012, which defendant attached to his supplemental brief.

6

# I

*Applicable Law and Standard of Review*

Proposition 64 added section 11361.8 to the Health and Safety Code, which establishes procedures for those convicted of and currently serving a sentence for marijuana-related felonies to petition for recall or resentence. (*Id.*, § 11361.8, subd. (a); *People v. Smit* (2018) 24 Cal.App.5th 596, 600.) Eligible petitioners are entitled to relief "unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (Health & Saf. Code, § 11361.8, subd. (b).) An "unreasonable risk of danger to public safety" means an unreasonable risk that the petitioner will commit a new super strike, including sexually violent offenses and certain sexual acts with a child younger than 14 years old. (*Id.*, § 11361.8, subd. (b)(2); Pen. Code, §§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv).) In considering a Health and Safety Code section 11361.8 petition, the trial court may consider the petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; the petitioner's disciplinary record and record of rehabilitation while incarcerated; and any other evidence that the court in its discretion determines to be relevant. (*Id.*, § 11361.8, subd. (b)(1); Pen. Code, § 1170.18, subd. (b).)

We review the trial court's determination of unreasonable risk of danger for abuse of discretion. (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242.) To establish abuse of discretion, a defendant must show that the trial court's decision was irrational or arbitrary. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376.) On review for abuse of

---

Defendant has not shown the material was presented to the trial court, nor has he identified any exceptional circumstances. (Cal. Rules of Court, rule 8.252(a); *In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 497-498 ["[t]he appellate court does not take judicial notice of matters not considered by the trial court, absent exceptional circumstances"].)

discretion, we do not reweigh the evidence or substitute our evaluation for that of the trial court. (*Id*. at p. 377.)

## II

### *Defendant's Contentions*

#### A. *Admission of Parole Hearing Evidence*

Defendant contends the trial court erred and violated his due process rights in relying on the transcript of the parole hearing because it "contained numerous falsities and errors." He adds that the parole board's finding he was currently dangerous was "erroneously based" because it failed to follow various penal code sections and state regulations. He argues the transcript is unreliable because it is inaccurate and incomprehensible, with "100 obvious transcribed errors." He does not identify or describe these alleged errors.

To the extent defendant is challenging the trial court's reliance on the transcript of the parole hearing, he has forfeited the issue on appeal because he did not object to the transcript's admission at the time of the hearing. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 422 (*Bryant*) [when a defendant fails to object to the admission of documentary evidence in the trial court, the claim is forfeited on appeal].) Further, defendant cites no authority establishing that his due process rights can be violated by alleged clerical errors in a transcript where, as here, he had opportunities to raise this issue in the trial court and to testify during the hearing to clarify any errors or misconceptions related to the transcript at issue.

#### B. *Admission of the Probation Report*

Defendant next argues the trial court erred in admitting the excerpt from the probation report concerning his 1990 convictions. He contends the excerpt was hearsay, and there is no evidence the excerpt was "ever certified." Defendant further contends he was never given a chance to challenge the report.

8

Despite his argument to the contrary, the record reflects that as objections to any of the People's documentation were being discussed, defendant was asked about the two probation reports and indicated he had seen them but at that time did not voice any objection to their consideration. Thus, defendant has forfeited his claim of error in its admission. (See *Bryant, supra*, 60 Cal.4th at p. 422 [failure to object to the admission of documentary evidence in the trial court forfeits claim of error in admission on appeal].)

C. *Absence of Trial Transcripts from the 1990 Convictions*

Defendant argues the trial court erroneously "put [a lot] of emphasis on the alleged details" of his 1990 convictions, based on summaries from sources other than the original trial transcript. He contends the complete trial transcript would have shown that the resulting convictions were based solely on circumstantial evidence, and that the victim lied. Although he did not seek admission of any trial transcripts, he argues that all other sources should have been disregarded.

As explained above, because defendant did not specifically object to the court's consideration of these other sources of information at the time of the hearing, any claim of error in their consideration is forfeited. Further, defendant testified at the hearing and had the opportunity to present evidence of his own or to speak out against any evidence that was presented. To the extent he is arguing the trial court was required to give more credence to his testimony or argument, we decline the invitation to reweigh the evidence. (*People v. Jordan* (1986) 42 Cal.3d 308, 317 [a reviewing court does not reweigh evidence when considering whether a trial court abused its discretion].)

D. *Denial of Right to Consult with Counsel*

Defendant next argues the trial court denied his right to consult privately with his counsel, pointing to the denial of his request to speak with his attorney after he had finished testifying and argument had concluded. He notes that the hearing was conducted via video, "with no technology for [defendant] to communicate instantly and privately with his counsel."

9

The Sixth Amendment right to counsel in a criminal case includes the defendant's right to communicate and consult with his attorney during trial. (*Perry v. Leeke* (1989) 488 U.S. 272, 284; *Geders v. United States* (1976) 425 U.S. 80, 88.) When assistance of counsel is denied entirely or during a critical stage of the proceeding, the error is reversible per se. (*People v. Hernandez* (2012) 53 Cal.4th 1095, 1103 (*Hernandez*).) But "[n]ot every restriction on counsel's time or opportunity . . . to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel." (*Morris v. Slappy* (1983) 461 U.S. 1, 11.)

The Sixth Amendment is violated without a showing of prejudice *only* "when the restriction on access to counsel was so profound as to create an inference that the defendant's attorney was unable to perform the essential functions of trial counsel." (*Hernandez, supra*, 53 Cal.4th at p. 1109.) If any restriction is not so profound, prejudice must be shown to establish a Sixth Amendment violation. (*Id.* at p. 1111.)

We find no Sixth Amendment violation here. Nothing in the record suggests defendant had any difficulty consulting confidentially with his attorney prior to the February 2024 hearing, and the trial court permitted defendant to consult privately with his attorney at the start of the hearing. Although the court declined to give defendant an opportunity to consult with his attorney after testimony and argument were concluded, it did so only after (1) asking defendant to explain what he wanted to discuss with counsel and noting that the legality of the 1990 conviction was not before the court, and then (2) confirming that defense counsel did not need to speak with his client. The court also invited defense counsel to make additional argument after this exchange. "[T]he circumstances present here do not render it so likely [defendant] was deprived of the effective assistance of counsel as to entitle him to a presumption of prejudice." (*Hernandez, supra*, 53 Cal.4th at p. 1107.) Nor has defendant demonstrated prejudice from this brief exchange, as he had already testified regarding the details of the 1990 convictions and thus had the opportunity to raise any issues at the hearing. And, as the

10

court noted, those convictions were affirmed long ago. (*Scott I, supra*, C071590.) Moreover, even after learning what defendant wanted to discuss, defense counsel indicated he did not need to consult with defendant. As such, there was not a reasonable probability that, with additional consultation with defense counsel, the trial court would have reached a more favorable conclusion regarding defendant's eligibility for resentencing on his marijuana-related offenses under section 11361.8. (See *Hernandez,* p. 1111.)

E. *Evidence Regarding Defendant's Habeas Petition in Case No. 0936*

Pointing to his federal habeas petition in case No. 0936, defendant argues that he had shown "incontrovertible violations of Constitutional rights" that were never discussed during the February 2024 hearing. Although defendant fails to specify these alleged violations, we assume he is referring to his allegations of jury instruction error during the 2012 trial and the failure of his appellate counsel to raise the issue on appeal. According to defendant, these unspecified constitutional violations "directly concern[]" the validity of his child pornography possession conviction, which he describes as a "major concern and a deciding factor" in the trial court's denial of his request for resentencing under Proposition 64.

Because it was not raised at the hearing, this claim, too, is forfeited. Regardless, defendant cites no authority permitting a trial court to litigate a federal habeas petition during a section 11361.8 hearing. As previously noted, the sole purpose of a section 11361.8 hearing is to consider whether a petitioner is entitled to resentencing if their marijuana-related offense is no longer a crime or is now a lesser offense. (§ 11361.8, subd. (a); *People v. Smit, supra*, 24 Cal.App.5th at p. 600; see *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [Pen. Code, § 1172.6, which similarly establishes a recall and resentencing scheme for eligible individuals convicted of murder or attempted murder before amendments to the theories of indirect murder liability, "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error"]; see

11

also *People v. Wilson* (2024) 16 Cal.5th 874, 955 ["the standard vehicle for developing and presenting claims of error in the judgment based on evidence outside the appellate record--as [the defendant] seeks to do here--is a petition for a writ of habeas corpus]."] Defendant has not shown error.

III

Wende *Review*

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The trial court's orders are affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Robie, Acting P. J.

_____/s/_____
Renner, J.

12