Filed 11/18/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| THE PEOPLE, | B268475 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A645112) |
| v. | |
| DAVID EARL WALKER, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County.  Peter Espinoza, Judge.  Affirmed.

APPEAL from an order of the Superior Court of Los Angeles County, Latonya Hadnot-Prioleau, Commissioner.  Appeal dismissed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

David Earl Walker appeals from the orders denying his petition for resentencing/application to redesignate his 1988 and 1989 felony convictions for possession of a controlled substance as misdemeanors pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act). (Pen. Code,[1] § 1170.18, subds. (a)–(i).) The trial court denied the petition on the basis of its finding that appellant is ineligible for Proposition 47 relief due to a disqualifying 1992 conviction for first degree murder.[2] Appellant contends he was eligible for Proposition 47 relief because his murder conviction occurred after the drug possession convictions. He thus claims the trial court erroneously denied his petition to reclassify his felony convictions as misdemeanors. We find no merit to appellant's contention, and affirm.

## PROCEDURAL BACKGROUND

Appellant pleaded guilty to two counts of possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a) in separate cases in 1988 (Super. Ct. L.A. County, No. A645112) and 1989 (Super. Ct. L.A. County, No. A480785). In 1992, a jury convicted appellant of first degree murder in violation of Penal Code section 187, subdivision (a) (Super. Ct. Orange County, No. CR40606). The court imposed a sentence of 25 years to life for the murder conviction, and a

---

[1] Undesignated statutory references are to the Penal Code.

[2] The trial court's written order incorrectly states that appellant was convicted of burglary in violation of section 459. At the hearing on appellant's application, however, the trial court denied relief because of appellant's "super strike" conviction for first degree murder.

2

consecutive term of 2 years 8 months for the two drug possession convictions.

On October 19, 2015, appellant filed a petition requesting that his felony sentences in Nos. A480785 and A645112 be recalled, and that those convictions be resentenced as misdemeanors pursuant to section 1170.18, subdivisions (a) through (e). The trial court (Judge Espinoza) denied the petition on the ground that appellant had a disqualifying prior conviction under section 667, subdivision (e)(2)(C)(iv).[3]

## DISCUSSION

California voters approved Proposition 47 on November 4, 2014. (*People v. Stylz* (2016) 2 Cal.App.5th 530, 533; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The Act reduced the

---

[3] Appellant filed a notice of appeal from this order on November 19, 2015 (Appeal I). Thereafter, on December 1, 2015, appellant filed a second application to have his felony conviction in No. A645112 redesignated as a misdemeanor conviction pursuant to section 1170.18, subdivisions (f) through (i). The trial court (Commissioner Hadnot-Prioleau) also denied relief on the basis of appellant's prior disqualifying conviction under section 667, subdivision (e)(2)(C)(iv). Appellant filed a second notice of appeal on December 8, 2015 (Appeal II).

Respondent contends both appeals must be dismissed because the trial court did not have jurisdiction to consider appellant's second application while Appeal I was pending. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 929.) While the order denying the second application was a legal nullity from which no appeal could be taken, it had no effect on Appeal I. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472–1473.) Accordingly, we will proceed on the merits of Appeal I and dismiss Appeal II.

penalties for certain drug- and theft-related offenses, and reclassified those felonies as misdemeanors. (*People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1182 (*Zamarripa*); *Rivera*, at p. 1091.) The Act also added section 1170.18 to the Penal Code to allow certain convicted felons to petition the court to have their felony convictions designated as misdemeanors and their penalties reduced. But subdivision (i) specifies that "[t]he provisions of [section 1170.18] shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." That is, if a person has a prior conviction for one of the so-called "super strikes," which includes murder, he or she is expressly disqualified from Proposition 47 relief.

"Matters of statutory interpretation are questions of law subject to de novo review. [Citation.] ' " 'In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.] . . .' [Citations.] We examine the statutory language in the context in which it appears, and adopt the construction that best harmonizes the statute internally and with related statutes. [Citations.]" [Citation.] In addition, we may examine the statute's legislative history. [Citation.]' [Citation.] We apply the same basic principles of statutory construction when interpreting a voter initiative." (*Zamarripa*, *supra*, 247 Cal.App.4th at p. 1183.)

The term "prior conviction" in section 1170.18, subdivision (i) is somewhat ambiguous in this context, raising the question of

whether an applicant is disqualified from Proposition 47 relief for a super strike conviction suffered any time before the application is made, or if only a prior super strike conviction that occurred before the felony conviction that is the subject of the Proposition 47 petition will disqualify an applicant from relief.  To resolve this ambiguity, we turn to the indicia of the voters' intent found in the text, analysis and arguments presented in the official election materials.  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)

Our examination of the voters' intent expressed in the Official Voter Information Guide for the November 4, 2014 general election concerning Proposition 47 compels the conclusion that "prior conviction," as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor.

As the Legislative Analyst explained in the comments on Proposition 47:  "This measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences.  In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor.  *However, no offender who has committed a specified severe crime*[*, including murder,*] *could be resentenced or have their conviction changed.*" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legis. Analyst of Prop. 47, p. 36, italics added.)  The Legislative Analyst's comments are not necessarily conclusive on the meaning of the language of a voter initiative when other statements in the ballot pamphlet contradict those comments.

(*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 580.)  However, where, as here, the election materials contain no such contradictions, the Legislative Analyst's comment all but "eliminates doubt" as to the correct interpretation of a ballot initiative.  (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82.)

In addition to the Legislative Analyst's comments, the rebuttal to the argument against Proposition 47 also makes clear that a person who has suffered a murder conviction cannot seek relief under section 1170.18 regardless of when that conviction occurred:  "*Proposition 47 does not require automatic release of anyone.*  There is no automatic release.  It includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit."  (Voter Information Guide, *supra*, rebuttal to argument against Prop. 47, p. 39.)

Finally, the voters' intent to exclude convicted murderers from the benefits of Proposition 47 is expressed in the Act itself. Section 2 provides in pertinent part:  "This act ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed."  (Voter Information Guide, *supra*, text of Prop. 47, § 2, p. 70.)  Section 3 similarly states:  "In enacting this act, it is the purpose and intent of the people of the State of California to:  [¶]  (1)  Ensure that people convicted of murder, rape, and child molestation will not benefit from this act."  (*Id.*, § 3, subd. (1), p. 70.)

While the Act mandates a liberal construction "to effectuate its purposes" (Voter Information Guide, *supra*, text of Prop. 47, § 18, p. 74), in our view that requires "a reading of its ambiguities to assure that only persons whose criminal record indicates a

reasonable balance between the seriousness of their crimes and the relief provided by the section should fall within its terms. And we cannot see that timing plays any role in striking that balance." (*People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1391–1392 (*Montgomery*).) Indeed, "[n]othing in section 1170.18, subdivision (i) limits its application to time periods prior to the commission of the offense for which reclassification is sought. The plain language of the statute suggests a general disqualification regardless of when a defendant was convicted of the disqualifying offense." (*Zamarripa, supra*, 247 Cal.App.4th at p. 1184.)

Relying on *People v. Spiller* (2016) 2 Cal.App.5th 1014, 1022 (*Spiller*), appellant contends that "prior conviction" must be interpreted to mean that only a super strike conviction suffered *before* the conviction for which redesignation is sought disqualifies an applicant from relief under Proposition 47. We disagree. *Spiller* considered the meaning of "prior conviction" in the context of Proposition 36.[4] The question was whether a conviction for a super strike suffered after the conviction resulting in the inmate's third strike sentence, but before the trial court's ruling on the petition for resentencing, constituted a "prior conviction" within the meaning of Proposition 36. The court held that because defendant's conviction for attempted murder (a super strike) had occurred *after* the conviction

_____

[4] Proposition 36, known as the Three Strikes Reform Act of 2012, allows an inmate currently serving an indeterminate term of life under the Three Strikes law for a nonserious, nonviolent conviction to petition the court to be resentenced as a second strike offender. (§ 1170.126, subd. (e).)

resulting in his indeterminate life sentence under the Three Strikes law, it was not a disqualifying *prior* conviction under Proposition 36. In so holding, the court noted, "section 1170.126 is written so that statutory eligibility determinations are made as of the date the defendant was sentenced to his or her indeterminate third strike life sentence. The current conviction is the conviction the inmate is currently serving a third strike indeterminate life sentence for, and prior convictions are those which occurred *prior* to the inmate's current conviction." (*Spiller*, at p. 1022.)

Although Propositions 36 and 47 share some similar language, the two ballot initiatives reflect profound differences in purpose and intent. The voters enacted Proposition 47 "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs." (Voter Information Guide, *supra*, text of Prop. 47, § 2, p. 70.) The Act achieves these goals by classifying specific nonserious, nonviolent crimes as misdemeanors rather than felonies, while expressly disqualifying offenders with super strike convictions from benefiting from its provisions.

Proposition 36, on the other hand, was aimed at "restor[ing] the original intent of California's Three Strikes law." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, p. 105.) And as stated in section 667, subdivision (b), the Three Strikes law itself is fundamentally a sentencing scheme intended to impose progressively harsher sentences on recidivist offenders who have previously committed serious or violent felonies: "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater

8

punishment for those who commit a felony and have been previously convicted of one or more serious and/or violent felony offenses." (§ 667, subd. (b).)

Noting that "[t]here is a presumption that terms must be interpreted to be consistent with the statutory scheme of which they are a part," *Spiller* kept its analysis within the context of Proposition 36 and consistent with the provisions of the Three Strikes scheme as a whole. (*Spiller, supra,* 2 Cal.App.5th at p. 1023.) We must likewise confine our interpretation of "prior conviction" to the context of Proposition 47 and the voters' intent in enacting it. That means we must adopt the interpretation most consistent with the intent of the voters, and refrain from falling back on understandings of the term from other contexts which conflict with the voters' intent in enacting this law. As the *Montgomery* court observed: "We are so used to regarding 'prior convictions' as those that preceded a current case or conviction that our instinctive reaction is to read this section in the same way. But when analyzed in terms of accomplishing what the framers and voters intended, a distinction between convictions suffered before the conviction being considered for redesignation and those suffered contemporaneously or afterward makes no sense." (*Montgomery, supra,* 247 Cal.App.4th at pp. 1391–1392.)

We therefore conclude that within the context of Proposition 47, a prior disqualifying conviction is a super strike conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor.

9

## DISPOSITION

The appeal filed December 8, 2015 is dismissed.  In the appeal filed November 19, 2015, the order denying the petition under Penal Code section 1170.18 is affirmed.


                                        LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.