Filed 5/26/21  P. v. Ashanti CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B293276, B297624 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. BA118005, A525448) |
| v. | |
| ASKIA S. ASHANTI, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Craig J. Mitchell and Rogelio G. Delgado, Judges. Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Idan Ivri, Deputy Attorneys General for Plaintiff and Respondent.

————————————————

Askia S. Ashanti, formerly known as Lorenzo Cunningham, appeals from two orders: (1) an order denying a petition for writ of habeas corpus, by which he sought to recall his sentence, pursuant to Penal Code[1] section 1170.18, for violating Vehicle Code section 10851, and (2) an order denying his petition to vacate his murder conviction under section 1170.95. In addition to challenging the denial of relief under sections 1170.18 and 1170.95, Ashanti contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

We affirm the orders denying relief under sections 1170.18 and 1170.95. We decline to address Ashanti's Eighth Amendment argument because it is not cognizable in this appeal.

## FACTUAL SUMMARY

### A. *Defendant's Criminal History*

In October 1980, Ashanti, then 17 years old, pleaded guilty to one count of first degree murder (§ 187) and admitted an allegation that a principal in the crime was armed with a firearm (§ 12022, subd. (a)). Our record does not reveal any facts concerning the crime beyond the plea and conviction. The court ordered that Ashanti be committed to the California Youth Authority.[2]

Ashanti was released from the California Youth Authority in 1986 or 1987.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] In 2005, the California Youth Authority was subsumed within the Department of Corrections and Rehabilitations as the Division of Juvenile Facilities (Stats. 2005, ch. 10, § 6, p. 24), and later renamed the Division of Juvenile Justice (Stats. 2019, ch. 25, § 23, p. 1037 & § 57, pp. 1071−1072).

In September 1988, Ashanti pleaded guilty to two counts of forcible rape (former § 261, subd. (2)) and one count of forcible sexual penetration with a foreign object (former § 289, subd. (a)).[3] (See Stats. 1986, ch. 1299, §§ 1, 6.) He was sentenced to 12 years in prison.

In February 1996, a jury convicted Ashanti of unlawfully driving or taking a vehicle in violation of Vehicle Code section 10851.[4] The court found true allegations that his prior convictions for murder, sexual penetration, and one of his rape convictions constituted strikes under the "Three Strikes" law. He was sentenced to 25 years to life.

We affirmed his conviction and sentence in an unpublished opinion. (*People v. Ashanti* (June 25, 1997, B102008).) We rejected, among other arguments, that his sentence violated his constitutional rights to due process, equal protection, and the proscription against cruel and unusual punishment.

### B.    *Ashanti's Petition for Writ of Habeas Corpus*

In January 2018, Ashanti filed in the superior court a petition for writ of habeas corpus. He sought relief based on section 1170.18. He also asserted that, to the extent section 1170.18 excludes him from eligibility for resentencing, such exclusions violate his right to equal protection and due process and the proscriptions against double jeopardy and cruel and unusual punishment.

---

[3] According to the abstract of judgment filed in October 1988, Ashanti committed one rape in 1987 and the second rape in 1988.

[4] Ashanti was 32 years old when he committed this crime in July 1995.

On September 26, 2018, the court denied Ashanti's petition on the ground that Ashanti is not eligible for relief under section 1170.18 because he has been convicted of an offense that requires him to register as a sex offender under section 290. The court also rejected Ashanti's constitutional arguments.

Ashanti filed a timely notice of appeal, which we assigned case No. B293276.

### C.    *Ashanti's Section 1170.95 Petition*

In February 2019, Ashanti filed a petition for resentencing under section 1170.95.[5]  He alleged:  (1) "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "I pled guilty or no contest to [first] or [second] degree murder in lieu of going to trial because I believed I could have been convicted of [first] or [second] degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine"; and (3) "I could not now be convicted of [first] or [second] degree murder because of changes made to [sections] 188 and 189, effective January 1, 2019." Ashanti further alleged that he "was not the actual killer," that he "did not, with the intent to kill," aid or abet "the actual killer in the commission of murder," and that he "was not a major participant in the felony or . . . did not act with reckless indifference to human life during the course of the crime or felony."

In his petition, Ashanti requested the court appoint counsel for him.

---

[5] Ashanti filed his section 1170.95 petition under his former name, Lorenzo Cunningham.

Ashanti supported his petition with copies of court records indicating that he pleaded no contest in October 1980 to one count of first degree murder and admitted an allegation under section 12022, subdivision (a).

On February 6, 2019, the court set a "petition review hearing" to be held on April 4, 2019.

On April 2, 2019, Ashanti, without the aid of counsel, filed a document in which he requested the appointment of counsel and asked the court to take judicial notice of a commentator's analysis of section 1170.95.

On April 4, 2019, the People filed a response to the petition in which they argued that Ashanti was ineligible for relief because he was convicted of murder "as a principal, and not pursuant to the natural and probable consequences doctrine." More particularly, the People asserted that Ashanti admitted as part of his plea that he was armed pursuant to section 12022, subdivision (a).

On April 4, 2019, the court denied the petition without appointing counsel for Ashanti. The court noted that, based on its review of the court file, "the defendant was convicted of a strike offense [for] which he's serving 25 years to life." This situation, the court explained, did not fall within the purview of section 1170.95.

Ashanti filed a timely notice of appeal to which we assigned case No. B297624.

On July 30, 2019, we consolidated the appeals in case No. B293276 and case No. B297624 for purposes of briefing, oral argument, and decision.

## DISCUSSION

### A. *Appeal in Case No. B293276*

In case No. B293276, Ashanti challenges the court's September 26, 2018 order denying his petition for writ of habeas corpus in which he asserted the right to have his sentence recalled under section 1170.18. He reasserts this argument on appeal and further contends that his sentence violates the Eighth Amendment to the United States constitution.

An order denying a petition to recall a sentence under section 1170.18 is appealable. (See, e.g., *People v. Walker* (2016) 5 Cal.App.5th 872, 874; cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [order denying motion to recall sentence under section 1170.126 is appealable].) To the extent Ashanti sought relief under section 1170.18, we deem his habeas corpus petition to be a petition filed under that statute. Therefore, although an order denying a habeas corpus petition in a noncapital case is not appealable (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895), we will review that order to the extent it denied Ashanti relief under section 1170.18.

In 2014, the electorate enacted Proposition 47, the Safe Neighborhoods and Schools Act, which made certain drug-related and theft crimes punishable as misdemeanors instead of felonies. (*People v. Page* (2017) 3 Cal.5th 1175, 1179.) For example, the theft of property valued at less than $950 was reduced from a felony to a misdemeanor. (*People v. Romanowski* (2017) 2 Cal.5th 903, 906.) Proposition 47 also enacted section 1170.18, which permits persons who have been convicted of such crimes to petition the superior court to have their sentence recalled and be resentenced under the law as amended by Proposition 47. (Stats. 2014, Prop. 47, § 14, pp. A-19 to A-20; § 1170.18, subd. (a); *People v. Page*, *supra*, at pp. 1181−1182.)

6

Section 1170.18, however, "does not apply to a person who has one or more prior convictions for," among other crimes, "an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i).) Offenses requiring registration pursuant to subdivision (c) of section 290 include rape and any act punishable under section 289. (§ 290, subd. (c).) Ashanti was convicted in 1988 of rape and forcible sexual penetration under former section 289. Therefore, as the trial court concluded, and Ashanti now concedes, he is not eligible for relief under section 1170.18.[6]

On appeal, Ashanti argues that his sentence constitutes cruel and unusual punishment under the Eighth Amendment to the federal constitution. The claim is not within the purview of section 1170.18. Even if we view Ashanti's petition for writ of habeas corpus as raising that contention, the issue is not cognizable in this appeal. As noted above, an order denying a habeas corpus petition in a noncapital case is not appealable. (*Robinson v. Lewis*, *supra*, 9 Cal.5th at p. 895.) A "prisoner whose [habeas corpus] petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal." (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) Therefore, to the extent Ashanti sought relief on Eighth Amendment grounds,

---

[6] In his petition, Ashanti asserted that excluding registered sex offenders from the benefits of section 1170.18 violated his constitutional rights to equal protection of the laws and due process and the proscription against double jeopardy and cruel and unusual punishment. Ashanti does not reassert that contention on appeal and we do not, therefore, address it.

the order denying his petition is not appealable and we decline to address that issue.[7]

### B.  *Appeal in Case No. B297624*

In 2018, the Legislature enacted Senate Bill No. 1437, which amended section 188 to effectively "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849.)  The legislation also amended section 189, which restricted felony murder liability to cases in which the defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life.  (Stats. 2018, ch. 1015, § 3, p. 6675; see *Gentile*, *supra*, 10 Cal.5th at pp. 842–843.)

Senate Bill No. 1437 also enacted section 1170.95, which allows a defendant "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."  (§ 1170.95, subd. (a).)

Here, the court reasoned that Ashanti is not entitled to relief under section 1170.95 because the sentence he is currently serving is for violating Vehicle Code section 10851, not murder.  Ashanti contends that this was error, and the Attorney General agrees.  We, however, conclude that the court was correct.

Neither Ashanti nor the Attorney General refer us to any authority addressing the question whether section 1170.95 is

---

[7] Although we have discretion to deem Ashanti's appeal from the denial of a habeas corpus petition as a new habeas corpus petition filed in this court (see *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423), we decline to do so.

available to one who is not currently serving a sentence for murder. Our review of legislative history regarding Senate Bill No. 1437, however, indicates that the Legislature intended the law to apply only to those currently incarcerated for murder. A report regarding the bill prepared for the Assembly Committee on Public Safety, for example, states that the "bill contains provisions that would allow individuals [who] are *currently serving sentences based on a theory of felony murder* to petition the court for resentencing." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1437 (2017−2018 Reg. Sess.) as amended May 25, 2018, p. 6, italics added.) Another document, prepared for the Senate Committee on Public Safety, includes a statement attributed to a co-sponsor of the bill that the resentencing provisions of the bill "provide relief to individuals who neither committed the murder, nor intended for a murder to occur, *who are nevertheless serving life sentences*." (Sen. Com. on Public Safety, Background Information Request re Sen. Bill No. 1437 (2017−2018 Reg. Sess.) p. 4, italics added.)[8] In addition, the author of the bill, in urging its enactment, stated that "up to 800 people who did not kill nor intend to kill, are *currently serving a life sentence in California's prisons under the felony murder rule*. Despite their conviction, these people are not murderers. They should be provided the opportunity to petition the court to be resentenced. [Senate Bill No.] 1437 provides this means for resentencing." (Senator Nancy Skinner, letter to Governor Brown re Sen. Bill No. 1437 (2017−2018 Reg. Sess.) Sept. 7, 2018, italics

---

[8] Another co-sponsor of the bill described the bill as "provid[ing] an opportunity for resentencing for those who are *currently serving a disproportionately long sentence for a homicide* that person did not commit." (Anti-Recidivism Coalition Policy Director Michael Mendoza, letter to Governor Brown re Sen. Bill No. 1437 (2017−2018 Reg. Sess.) Sept. 5, 2018, italics added.)

9

added.)  Our review of the legislative history disclosed no direct support for the view that the Legislature intended the bill to provide relief for persons who are not serving a sentence for murder.

That the Legislature was concerned with persons currently serving sentences for murder is also evident in the Legislature's consideration of the fiscal impact of Senate Bill No. 1437.  In estimating the costs to trial courts of handling resentencing petitions, an analysis prepared for the Senate Committee on Appropriations relied on the number of inmates then serving sentences for murder.  (Sen. Com. on Appropriations, Analysis of Sen. Bill No. 1437 (2017-2018 Reg. Sess.) May 14, 2018, p. 3.) Based on an assumption that a certain percentage of such inmates would seek resentencing and an assumption of the amount of time courts would devote to each resentencing petition, the report estimates resentencing petitions would result in $7.6 million in increased trial court workloads.  (*Ibid.*)  Because the analysis gave no consideration to costs associated with handling petitions from persons no longer serving sentences for murder, it implicitly assumes the law would not apply to such persons.

Even if section 1170.95 is available to Ashanti notwithstanding the fact that he is not serving a sentence for murder, he has failed to show a reasonable probability that, if he was permitted to proceed under that statute, he would obtain a more favorable result.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336 [state law harmless error standard applies to denial of petition under section 1170.95]; *People v. Watson* (1956) 46 Cal.2d 818, 836 [state law error requires reversal only when appellant shows a reasonable probability of a more favorable result in the absence of the error].)

10

Ashanti has served his sentence for the murder conviction he seeks to vacate.  Thus, even if his conviction for that crime is vacated or redesignated, resentencing him on a lesser "target offense or underlying felony" (§ 1170.95, subd. (e)), would not affect his incarceration for that offense.  (See § 1170.95, subd. (d)(1) [new sentence shall not be greater than the initial sentence].)  Ashanti has also failed to show how resentencing him on his 1980 conviction could affect his current sentence for violating Vehicle Code section 10851.  Even if his current sentence was based in part on a true finding that he had been convicted of murder in 1980, nothing in section 1170.95 authorizes the striking of that true finding.  Moreover, even if a court did strike that true finding, two other prior strike findings—for convictions of forcible rape and forcible sexual penetration—remain to support his current 25 years to life sentence.  (See §§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).)  Thus, even if section 1170.95 is available to Ashanti despite the completion of his sentence for murder, he has failed to show how the remedy available under section 1170.95 could affect his current sentence or provide him with a more favorable outcome.

In sum, our review of the legislative history of Senate Bill No. 1437 reveals that the Legislature, in enacting the resentencing provision, understood and intended that it would apply only to those persons serving a sentence for murder.  We therefore construe section 1170.95 accordingly.  Because Ashanti is not serving a sentence for murder, the statute is not available to him.  Even if it is, he has failed to show a reasonable probability that he would obtain a more favorable result if he was permitted to pursue the remedy available under that statute.

11

## DISPOSITION

The order dated September 26, 2018 denying Ashanti's request to recall his sentence under section 1170.18 is affirmed.

The order dated April 4, 2019 denying Ashanti's petition to vacate his murder conviction under section 1170.95 is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                      ROTHSCHILD, P. J.

We concur:



BENDIX, J.



FEDERMAN, J.*

---

**\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.