Filed 8/24/21  P. v. James CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075837 |
| v. | (Super.Ct.No. CR65145) |
| MARVIN LEE JAMES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard J. Schwartz, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Marvin Lee James, filed a Penal Code section 1170.18 (section 1170.18) petition, which the superior court denied. On appeal, defendant contends the matter should be remanded so that the court below can consider his petition. We affirm.

## I. PROCEDURAL BACKGROUND

On April 12, 1996, a jury convicted defendant of first degree burglary (Pen. Code, § 459, count 1), two counts of first degree robbery (Pen. Code, §§ 211, counts 2-3), oral copulation on a person under the age of 14 years (Pen. Code, § 288a, subd. (c), count 4), and the unlawful taking or driving of a vehicle (Veh. Code § 10851, subd. (a), count 5). The jury additionally found true allegations that defendant had personally used a dangerous or deadly weapon in his commission of the count 1 through 3 offenses (Pen. Code, § 12022, subd. (b)), that he had inflicted great bodily injury in his commission of the count 4 offense (Pen. Code, § 12022.8), and that he had used a firearm in his commission of the count 4 offense (Pen. Code, § 12022.3, subd. (a)). Finally, two prior serious felony convictions (Pen. Code, § 667, subd. (a)), five prior prison terms (Pen. Code, § 667.5, subd.(b)), and two prior strike convictions were found true (Pen. Code, § 667, subds. (c), (e)). On June 28, 1996, the superior court sentenced defendant to four, consecutive 25 years to life terms on counts 2 through 5 and a consecutive, determinate term of 22 years four months on the enhancements.

On August 5, 2020, defendant filed a motion to have his sentence recalled and to be resentenced pursuant to Assembly Bill No. 1618 (2019-2020 Reg. Sess.), Senate Bill No. 1393 (2017-2018 Reg. Sess.), and Senate Bill No. 136 (2019-2020 Reg. Sess.), and

to have his count 5 conviction for taking a vehicle be reduced to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. The superior court denied defendant's motion without a hearing, noting that defendant's "case was final before the new law [was] enacted"; thus, the court ruled defendant was not entitled to the relief requested.

By correspondence received by the superior court on August 26, 2020, defendant requested the status on all pending issues relating to his motion, which was filed on August 5, 2020.[1] On September 2, 2020, the court ordered that no action be taken on defendant's latest request, noting it had already ruled on defendant's request.

## II. DISCUSSION

Defendant contends "it appears the court never ruled on the separately stated redesignation request made pursuant to Proposition 47 and Penal Code section 1170.18." Thus, defendant maintains we should remand the matter for consideration by the court below. The People argue that although the superior court did not rule on defendant's request for Proposition 47 relief, he is ineligible for such relief as a matter of law; thus, this court should affirm the order. We agree with the People.

""""An appealed judgment is presumed to be correct. We will indulge all intendments and presumptions to support the judgment on matters as to which the record is silent and prejudicial error must be affirmatively shown."'" [Citation.] 'Finally, "we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the

---

[1] Specifically, defendant requested the "status on motion for resentencing pursuant to AB 1618, SB 1393, Penal Code § 1170; 1385(b), P.C. § 667(b), 667.5(b)."

3

trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.”’” (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.)

"California voters approved Proposition 47 on November 4, 2014. [Citations.] The [Safe Neighborhoods and Schools] Act reduced the penalties for certain drug- and theft-related offenses, and reclassified those felonies as misdemeanors. [Citation.] The Act also added section 1170.18 to the Penal Code to allow certain convicted felons to petition the court to have their felony convictions designated as misdemeanors and their penalties reduced. But section 1170.18, subdivision (i) specifies that '[t]he provisions of [section 1170.18] shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667.' That is, if a person has a prior conviction for one of the so-called super strikes, . . . he or she is expressly disqualified from Proposition 47 relief." (*People v. Walker* (2016) 5 Cal.App.5th 872, 875-876.) "'[P]rior conviction,' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor." (*Id*. at 876; accord, *People v. Casillas* (2017) 13 Cal.App.5th 745, 750 ["*Section 1170.18, subdivision (i) disqualifies a person who has suffered a super strike conviction any time before the trial court rules on his or her reclassification petition*."]; *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1392 ["We conclude section 1170.18 precludes redesignation for anyone who has a conviction for the enumerated excluded crimes prior to the time of the application for such relief."].)

Here, in denying defendant's motion, the superior court reasoned that defendant's case was final before the new law was enacted; thus, defendant was not entitled to the relief requested. The court's rationale for denying defendant's request for Proposition 47 relief was incorrect. As noted *ante*, section 1170.18 expressly permits defendants serving time for felony offenses, which would now be considered misdemeanors, to apply for a reduction of those convictions. Thus, defendant was eligible to have his conviction for felony vehicle theft considered for reduction to a misdemeanor by the court.

However, as the People point out, defendant is ineligible for such relief as a matter of law because he had a prior conviction for a so-called super strike, oral copulation on a person under the age of 14 years under Penal Code section 228a. (Pen. Code, §§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv)(II).) Thus, the superior court's order denying defendant's petition is legally correct.

## III. DISPOSITION

The order denying defendant's section 1170.18 motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

SLOUGH
J.

MENETREZ
J.

5