Filed 11/9/21  P. v. James CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077377 |
| v. | (Super.Ct.No. CR65145) |
| MARVIN LEE JAMES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Marvin Lee James, in pro. per., and William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Marvin Lee James, filed a petition for resentencing pursuant to Penal Code section 1170.18, which the court denied.  After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

1

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying two potentially arguable issues:  (1) whether defendant is categorically barred from relief under section 1170.18 due to his prior conviction under Penal Code former section 288a,[1] subdivision (d) (Stats. 1993, ch. 595, § 5); and (2) whether defendant made a prima facie case entitling him to a hearing pursuant to section 1170.18, subdivision (b).

Defendant was offered the opportunity to file a personal supplemental brief, which he has done.  Defendant contends the court erred in denying his petition.  We affirm.

## I.  PROCEDURAL BACKGROUND[2]

On April 12, 1996, a jury convicted defendant of first degree burglary (Pen. Code, § 459, count 1), two counts of first degree robbery (Pen. Code, §§ 211, counts 2-3), oral copulation of a person under the age of 14 years (Pen. Code, former § 288a, subd. (c), count 4), and the unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a), count 5).  The jury additionally found true allegations that defendant had personally used a dangerous or deadly weapon in his commission of the counts 1 through 3 offenses (Pen. Code, § 12022, subd. (b)), that he had inflicted great bodily injury in his commission of the count 4 offense (Pen. Code, § 12022.8), and that he had used a firearm in his

---

[1] Effective January 1, 2019, Penal Code section 288a was renumbered to Penal Code section 287.  (Stats. 2018, ch 423, § 49.)

[2] On September 22, 2021, we granted defendant's motion that we take judicial notice of our prior opinion from his previous appeal.  (*People v. James* (Aug. 24, 2021, E075837) [nonpub. opn.].)

commission of the count 4 offense (Pen. Code, § 12022.3, subd. (a)). Finally, the jury found true two prior serious felony conviction enhancements (Pen. Code, § 667, subd. (a)), five prior prison term enhancements (Pen. Code, § 667.5, subd.(b)), and two prior strike conviction enhancements (Pen. Code, § 667, subds. (c), (e)). On June 28, 1996, the superior court sentenced defendant to four, consecutive 25 years to life terms on counts 2 through 5 and a consecutive, determinate term of 22 years four months on the enhancements. (*People v. James*, *supra*, E075837.)

On August 5, 2020, defendant filed a motion to have his sentence recalled and to be resentenced pursuant to Assembly Bill No. 1618 (2019-2020 Reg. Sess.), Senate Bill No. 1393 (2017-2018 Reg. Sess.), and Senate Bill No. 136 (2019-2020 Reg. Sess.), and to have his count 5 conviction for taking a vehicle reduced to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. The superior court denied defendant's motion without a hearing, noting that defendant's "case was final before the new law [was] enacted"; thus, the court ruled defendant was not entitled to the relief requested. Defendant appealed the denial. (*People v. James*, *supra*, E075837.)

By correspondence received by the superior court on August 26, 2020, defendant requested the status on all pending issues relating to his motion filed on August 5, 2020.[3] On September 2, 2020, the court ordered that no action be taken on defendant's latest request, noting it had already ruled on defendant's motion. (*People v. James*, *supra*, E075837.)

---

[3] Specifically, defendant requested the "status on motion for resentencing pursuant to AB 1618, SB 1393, Penal Code § 1170; 1385(b), P.C. § 667(b), 667.5(b)."

On December 16, 2020, defendant filed a second petition for resentencing. Defendant alleged that a Superior Court of Los Angeles County judge had reduced his April 8, 1987, conviction for felony possession of cocaine to a misdemeanor. Thus, defendant requested resentencing in the instant case to reflect that he was no longer subject to a third strike enhancement.[4]

Defendant attached to his petition the following exhibits: (1) an unfiled, unnumbered, People's requested jury instruction in this case reflecting that the two, prior strike conviction enhancements were based on a conviction for robbery on November 13, 1989, and a conviction for robbery on September 11, 1985;[5] and (2) a minute order reflecting that on November 16, 2020, the Superior Court of Los Angeles County designated defendant's conviction in case No. A917785-01-01, of an unspecified date, for felony possession of cocaine, a misdemeanor, finding that defendant had no prior conviction for a super strike offense.

---

[4] Defendant noted that his conviction for felony possession of cocaine was alleged as a Penal Code section 667.5, subdivision (b), enhancement in the instant case, i.e., a prior prison term enhancement, not as one of the prior strike conviction enhancements. Nonetheless, defendant requested to be resentenced "as a second striker." This argument appears to be based not on the reduction of his possession of cocaine offense, but on his allegation that he was not represented by counsel at his sentencing hearing, a contention which is not the proper subject for a section 1170.18 motion, for which the time to appeal has long since expired, and which should have been raised in his appeal from the judgment.

[5] Defendant's April 8, 1997, conviction for felony possession of cocaine appears to have been alleged as the underlying conviction for a prior prison term allegation, not a prior strike conviction allegation.

By correspondence to the superior court, filed May 11, 2021, defendant requested the status on the motion for resentencing he had filed on December 16, 2020. Defendant alleged he had previously requested a status on the motion on February 9, 2021.[6]

On June 1, 2021, the People filed a response to the request alleging defendant was ineligible for relief because his motion had previously been denied on May 10, 2021, and because he had been convicted of a so-called super strike offense.[7] On June 15, 2021, the superior court denied defendant's motion, citing his conviction for a super strike offense.

On June 17, 2021, at a hearing at which counsel for defendant and the People were present, the superior court found that "defendant is statutorily ineligible for relief. The . . . conviction renders him—[the former section] 288a(c) makes him statutorily ineligible." Defense counsel noted that defendant "thought it was granted." The court responded, "Yes, so [former section] 288a(c) is under 14; right? Because of that, it is a super strike. It is a 667.5(c) listed offense." "So he's statutorily ineligible, and I thought I had already" denied the motion. "[T]he minutes on June 15, . . . when I got this, I denied it . . . and the reason stated for the denial was the [former section] 288a(c) conviction renders defendant ineligible for relief. So I've already denied this." The court

---

[6] No copy of a status request filed on or about that date appears in the record on appeal.

[7] It is unclear what date the People's response was filed or received as there is no superior court file or receipt stamp on the document; the document bears the People's receipt stamp of March 2, 2021; the document is dated May 27, 2021; and it bears another, nonspecific stamp of June 8, 2021; however, the document is indexed in the clerk's transcript as dated June 1, 2021. There is also no order denying a motion for resentencing on or about May 10, 2021, contained in the record on appeal.

5

noted that its denial was without prejudice "if someone finds out that he was not actually convicted of that" super strike offense.

On June 16, 2021, the court received a "motion" from defendant again requesting the status of his section 1170.18 motion filed on December 16, 2020. On June 22, 2021, the court denied the request. On July 6, 2021, defense counsel filed a notice of appeal.

By opinion filed August 24, 2021, we affirmed the denial of defendant's section 1170.18 motion filed August 5, 2020, holding that defendant was ineligible for relief as a matter of law because he stood convicted of a super strike offense, oral copulation on a person under the age of 14 years, under Penal Code former section 288a. (*People v. James*, *supra*, E075837.)

## II. DISCUSSION

Defendant argues counsel and the superior court have conflated his current motion filed on December 16, 2020, with his prior motion filed on August 5, 2020. Defendant contends that since his previous conviction for felony possession of cocaine was reduced to a misdemeanor, he is entitled to resentencing in this case because his sentence was enhanced based upon that conviction. Defendant also maintains he was not convicted of a super strike offense, as the victim of his former section 288a conviction was 36 years old. Therefore, defendant contends the court erred in denying his motion. We disagree.

"'"An appealed judgment is presumed to be correct. We will indulge all intendments and presumptions to support the judgment on matters as to which the record is silent and prejudicial error must be affirmatively shown."' [Citation.] 'Finally, "we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the

6

trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.""" (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.)

"California voters approved Proposition 47 on November 4, 2014. [Citations.] The [Safe Neighborhoods and Schools] Act reduced the penalties for certain drug- and theft-related offenses, and reclassified those felonies as misdemeanors. [Citation.] The Act also added section 1170.18 to the Penal Code to allow certain convicted felons to petition the court to have their felony convictions designated as misdemeanors and their penalties reduced. But section 1170.18, subdivision (i) specifies that '[t]he provisions of [section 1170.18] shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667.' That is, if a person has a prior conviction for one of the so-called super strikes, . . . he or she is expressly disqualified from Proposition 47 relief." (*People v. Walker* (2016) 5 Cal.App.5th 872, 875-876.) "'[P]rior conviction[],' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor." (*Id*. at p. 876; accord, *People v. Casillas* (2017) 13 Cal.App.5th 745, 750 ["*Section 1170.18, subdivision (i) disqualifies a person who has suffered a super strike conviction any time before the trial court rules on his or her reclassification petition*."]; *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1392 ["We conclude section 1170.18 precludes redesignation for anyone who has a conviction for the enumerated excluded crimes prior to the time of the application for such relief."].)

"[A]t the time of resentencing of a Proposition 47 eligible felony conviction, the trial court must reevaluate the applicability of any enhancement within the same judgment *at that time*, so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor. Such an enhancement cannot be imposed because at that point the reduced conviction 'shall be considered a misdemeanor for all purposes.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 894-895.)

The superior court properly denied defendant's motion.[8] First, even though the Superior Court of Los Angeles County reduced his felony possession of cocaine offense to a misdemeanor, defendant was not entitled to be resentenced in this case because the cocaine offense was not within the "same judgment" as this case, and the judgment in this case was "final when Proposition 47 took effect." (*Buycks*, *supra*, at 5 Cal.5th at p. 879.) Second, defendant has failed to show that his conviction for oral copulation on a person under the age of 14 years (Pen. Code, former § 288a, subd. (c)) was not a super strike offense, i.e., defendant has not shown that the victim was 36 years old as he alleges. (*People v. Moore* (2021) 68 Cal.App.5th 856, 866 ["'[T]he defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.'"].)

---

[8] It does appear that the court and counsel below conflated the motion, which defendant had requested a status on as being the one he filed on August 5, 2020, rather than the one he filed on December 16, 2020. Thus, it does not appear the court considered the core issue defendant raised in his August 5, 2020, motion: that the reduction of his felony possession of cocaine offense entitled him to resentencing in this case.

Therefore, defendant is ineligible for section 1170.18 relief as a matter of law because he had a prior conviction for a super strike, oral copulation on a person under the age of 14 years, under Penal Code former section 288a.[9] (Pen. Code, §§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv)(II).) Thus, the superior court's order denying defendant's "motion" is legally correct.

## III. DISPOSITION

The order denying defendant's section 1170.18 motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

SLOUGH
J.

MENETREZ
J.

---

[9] It would appear that the Superior Court of Los Angeles County improperly granted his motion for reduction of his possession of cocaine offense for this reason.