Filed 1/13/22  P. v. James CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B313321 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A195553) |
| v. | |
| MARVIN LEE JAMES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Chung L. Mar and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Marvin Lee James appeals from an order denying his petition to redesignate a prior felony conviction for burglary as a misdemeanor offense pursuant to Penal Code section 1170.18, subdivision (f).[1]  Because the superior court properly ruled that James was ineligible for relief as a matter of law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 1979, James was convicted of one count of second degree burglary pursuant to a guilty plea.  He was sentenced to a term of 16 months in state prison.

On May 5, 2021, James filed a section 1170.18 petition, seeking to have his prior burglary conviction redesignated as a misdemeanor.  In the printed form petition, James checked the boxes alleging that the amount in question was not more than $950, and that he did not have a prior conviction for an offense specified in section 667, subdivision (e)(2)(C)(iv) or which required registration as a sex offender under section 290, subdivision (c).  In their response, the People opposed the petition, asserting that James was ineligible for section 1170.18 relief because he had a prior conviction for violation of section 288a, subdivision (c).

On May 17, 2021, the superior court summarily denied the petition.  In its minute order, the court stated James was disqualified from relief under section 1170.18 because he had a prior conviction for an offense listed in section 667, subdivision (e)(2)(C)(iv).  The court identified the disqualifying offense as a violation of section 288a, subdivision (c).

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

James timely appealed.

## DISCUSSION

In 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Page* (2017) 3 Cal.5th 1175, 1179.) Proposition 47 "reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies." (*Ibid*.) Proposition 47 also added section 1170.18, which permits an eligible person serving a sentence for an enumerated theft or drug offense to petition for recall of the sentence and resentencing. (§ 1170.18, subds. (a), (b).) A person who has already completed a felony sentence for an enumerated offense may petition to have the conviction redesignated as a misdemeanor. (§ 1170.18, subds. (f), (g).)

The relief afforded by section 1170.18, subdivision (i), however, "does not apply to a person who has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." "That is, if a person has a prior conviction for one of the so-called super strikes, . . . he or she is expressly disqualified from Proposition 47 relief." (*People v. Walker* (2016) 5 Cal.App.5th 872, 876.) " '[P]rior conviction[ ],' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor." (*Id*. at p. 876; accord, *People v. Casillas* (2017) 13 Cal.App.5th 745, 750.)

In this case, the superior court correctly determined that James was disqualified from relief under section 1170.18 based

on his prior conviction for a super strike offense.  According to two appellate opinions filed by the Fourth District,[2] James was convicted on April 12, 1996 of oral copulation on a person under the age of 14 years in violation of former section 288a, subdivision (c).[3]  Because this sexual offense is one of the super strike offenses listed in section 667, subdivision (e)(2)(C)(iv), James was ineligible for relief as a matter of law.

On appeal, James does not dispute that he has a prior conviction for a disqualifying offense within the meaning of section 1170.18, subdivision (i).  Rather, he argues that the superior court was required to hold an evidentiary hearing on his eligibility because he established a prima facie case when he checked the box in his petition averring that he did not have any disqualifying prior convictions, irrespective of the accuracy of such averment.  This argument lacks merit.

In a petition for relief under section 1170.18, the "ultimate burden of proving . . . eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.)  At the prima facie stage, the initial screening of a section 1170.18 petition "is based on a review of the petition itself, generally prepared by the petitioner in propria persona, as well as the record of conviction. [Citation.]  If the court finds, based on the petition and its review of the record, that there is a prima facie basis for relief, the court

---

[2] On this court's own motion, we take judicial notice of the prior appellate opinions in *People v. James* (Nov. 9, 2021, E077377) [nonpub. opn.] and *People v. James* (Aug. 24, 2021, E075837) [nonpub. opn.].  (Evid. Code, §§ 452, 459, subd. (a).)

[3] Effective January 1, 2019, section 288a was renumbered to section 287.  (Stats. 2018, ch. 423, § 49.)

should then hold 'a full qualification hearing at which any additional evidence may be received on the issue of eligibility.' " (*People v. Washington* (2018) 23 Cal.App.5th 948, 955.) An "evidentiary hearing may be 'required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' " (*Romanowski*, at p. 916.)

In reviewing a section 1170.18 petition, however, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief . . . may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction." (*Ibid*; see *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109 [decision on eligibility for section 1170.18 relief "typically can be made without a hearing because eligibility is often obvious on the incontrovertible written record"]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 138 ["superior court often will be able to grant or deny [section 1170.18] relief without a hearing. . . . [Citation.] . . . [Citations.] . . . simply by consulting the record of conviction or evidence submitted by the parties"].) Here, the record of conviction established as a matter of law that James was ineligible for relief because he had a prior conviction for oral copulation on a minor under the age of 14 years. Accordingly, no evidentiary hearing was required.

On appeal, James speculates that the superior court may have simply accepted the People's allegation that James had a disqualifying prior conviction without examining the record of conviction or requiring the parties to submit supporting evidence.

However, an order denying a section 1170.18 petition " ' " 'is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.' " [Citation.]  In addition, we must " 'view the record in the light most favorable to the trial court's ruling.' " ' " (*People v. Simms, supra,* 23 Cal.App.5th at p. 994.)  Thus, in the absence of evidence to the contrary, we presume the superior court examined the relevant record of conviction prior to determining that James had been convicted of an offense that disqualified him from relief under section 1170.18.  On this record, James has failed to demonstrate error in the denial of his petition.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


VIRAMONTES, J.[*]


We concur:


LAVIN, Acting P. J.          EGERTON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.