Filed 2/2/23 (unmodified opn. attached)

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | E079484 |
| Plaintiff and Respondent, | |
| v. | (Super.Ct.No. RIF102042) |
| ROBERT WILLIAM CRESS, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT

The opinion filed in this matter on January 9, 2023 is modified as follows:

On page 1, following "Judith C. Clark, Judge," strike the sentence in parenthesis that reads, "(Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)"

Except for this modification, the opinion remains unchanged. This modification does not effect the a change in judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ _____
                          P. J.

We concur:

CODRINGTON _____
               J.

RAPHAEL _____
               J.

MAILING LIST FOR CASE: E079484
The People v. Robert Cress


Superior Court Clerk
Riverside County
P.O. Box 431 - Appeals
Riverside, CA 92502


Stephanie Ayn Mitchell
Office of The Attorney General
P.O. Box 85266
San Diego, CA 92186-5266


Mark D. Johnson
81-990 Halekii Street #2034
Kealakekua, HI 96750


Appellate Defenders, Inc.
555 West Beech Street, Suite 300
San Diego, CA  92101 2396

Filed 1/9/23 (unmodified opinion)
See Concurring Opinion

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E079484 |
| v. | (Super.Ct.No. RIF102042) |
| ROBERT WILLIAM CRESS, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith C. Clark, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and A. Natasha Cortina and Stephanie A. Mitchell, Deputy Attorney General, for Plaintiff and Respondent.

1

While an order denying his Penal Code section 1172.6[1] petition was on appeal, Robert William Cress filed a second section 1172.6 petition. The trial court dismissed the second petition. We will hold that, if that was error at all, the error was not jurisdictional. Moreover, it was both invited and harmless, and therefore not reversible.

I

STATEMENT OF THE CASE

In 2004, petitioner was convicted of first degree murder. (§§ 187, subd. (a), 189.)

In 2021, he filed a petition to vacate the murder conviction pursuant to section 1172.6. After considering documentary evidence and argument, the trial court found beyond a reasonable doubt that petitioner had the intent to kill when he aided and abetted the murder, and alternatively, that he was a major participant in the underlying felony and acted with reckless indifference to human life. It therefore denied the petition. (See §§ 189, subd. (e)(2), 1172.6, subd. (d)(3).)

On April 1, 2022, petitioner appealed (first appeal). That appeal is fully briefed but undecided.

On June 16, 2022, petitioner filed a new petition to vacate the murder conviction pursuant to section 1172.6.

At a status conference, there was this exchange:

---

**1** All further statutory citations are to the Penal Code.

In 2022, former section 1170.95 (enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2) was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

"[THE COURT:]  So I think the previous petition  [¶]  . . .  [¶] . . . is up on appeal which, I think, would be further reason why this petition should be dismissed . . . .  [¶] . . . [¶]  You agree with me that it would be logical to dismiss the subsequent petition and that the appellate cause has to move forward on the underlying prior petition?

"[PROSECUTOR]:  Yes.

"THE COURT:  [Defense counsel], you agree with that?

"[DEFENSE COUNSEL]:  Yes, I do.

"THE COURT:  All right.  This subsequent petition is ordered dismissed in this matter, as it is a subsequent petition on the same facts, and the prior petition's denial is up on appeal."[2]

II

DISCUSSION

Petitioner now appeals from the dismissal of his second petition.  He argues that, because the first appeal was pending, the trial court had no jurisdiction to dismiss his second petition.

"[W]here there is no statutory exception, '"[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" [citation] and deprives the trial court of jurisdiction to make

---

**2**      Petitioner asserts that the petition was "denied."  It was not.  It was dismissed.  We need not decide whether there is any significant difference.

any order affecting the judgment [citation].'  [Citation.]"  (*People v. Wagner* (2009) 45 Cal.4th 1039, 1061.)

In *People v. Burhop* (2021) 65 Cal.App.5th 808 (*Burhop*), the trial court denied the petitioner's section 1172.6 petition.  (*Id*. at pp. 811-812.)  He appealed.  Before we issued our remittitur in that appeal, he filed a new section 1172.6 petition (*id*. at p. 812), and the trial court granted it.  (*Id*. at pp. 812-813.)  Thereafter, we did issue our remittitur in the first appeal.  (*Id*. at p. 811.)

The People appealed.  (*Burhop*, *supra*, 65 Cal.App.5th at p. 813.)  We reversed. (*Id*. at p. 816.)  We held that, because the first appeal had been pending, the trial's order granting the new petition was "null and void for lack of subject matter jurisdiction."  (*Id*. at pp. 813-816.)  We remanded the matter with directions to conduct "further proceedings."  (*Id*. at p. 816.)

Petitioner argues that if a trial court lacks jurisdiction to grant a petition while an appeal is pending, it must also lack jurisdiction to dismiss a petition.  This does not follow.  The trial court lacked jurisdiction "'to make any order affecting the judgment [citation].'  [Citation.]"  (*People v. Wagner*, *supra*, 45 Cal.4th at p. 1061.)  The dismissal of the petition did not affect the judgment. "The purpose of the rule divesting the lower court of jurisdiction when an appeal is pending '"is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.'"  [Citations]."  (*People v. Burhop*,

4

*supra*, 65 Cal.App.5th at p. 814.)  After a first petition has been denied, granting a second petition, as in *Burhop*, alters the judgment and changes the status quo.  Dismissing the second petition does not.

Petitioner urges that the dismissal must be "vacated," but he does not explain what the trial court should have done instead.  *Burhop* stands for the proposition that the trial court here lacked jurisdiction to grant the second petition.  It does not speak to whether it should have dismissed the petition (as it did), denied the petition, stayed the petition, or something else entirely.

We need not decide this question.  Given that the trial court had jurisdiction to dismiss, either the dismissal was not error at all or it was not reversible error.

For one thing, defense counsel stipulated that the petition should be dismissed.  It is axiomatic that jurisdiction cannot be conferred by consent.  (*People v. Burhop*, *supra*, 65 Cal.App.5th at p. 813 ["'So complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction'"].)  However, as we have just held, the dismissal, if error at all, was not jurisdictional error.  Accordingly, the error was invited.  (See generally *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 821-822.)

For another thing, petitioner has not shown that he was prejudiced.  As long as the *effect* of the dismissal was indistinguishable from the *effect* of a denial or a stay, any error was harmless.  The dismissal was plainly without prejudice, as the trial court did not intend it to bar further proceedings on the first petition.  Accordingly, if, after the first

appeal is decided, petitioner still wants to proceed on his second petition, all he has to do is refile it.

III

DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ _____

P. J.

We concur:

CODRINGTON _____

J.

RAPHAEL _____

J.

RAPHAEL, J., Concurring.

I join the opinion.  I agree that the trial court had no jurisdiction to rule on defendant and appellant Robert William Cress's second petition filed under Penal Code section 1172.6 while his first petition was pending on appeal.

Much precedent establishes that during a pending *direct appeal* from a conviction, a trial court is deprived of jurisdiction to make any order affecting the judgment.  Far less precedent delineates the scope of trial court divestment when an appeal from a post-judgment motion ruling is pending.

Our decision in *People v. Burhop* (2021) 65 Cal.App.5th 808, 812, held that when a post-judgment motion ruling is appealed, a trial court cannot issue a new ruling on the *same* motion before the remittitur issues.  As far as I can tell, today's is the first Court of Appeal opinion holding that a pending appeal from a post-judgment ruling divests the trial court of jurisdiction to rule on a *second* motion raising the same claim, though one opinion briefly stated as much.  (See *People v. Walker* (2016) 5 Cal.App.5th 872, 875, fn. 3 [ruling on post-judgment motion raising the same claim as on appeal is a "legal nullity"].)

In accord with our ruling, our Supreme Court has long recognized the "general rule that an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court."  (*Anderson v. Superior Court* (1967) 66 Cal.2d 863, 865.)  In one case, *People v. Murphy* (1969) 70 Cal.2d 109, 116-117, the

1

Supreme Court applied that rule in holding that the trial court "correctly took no action" on a criminal defendant's motion that raised an issue already being considered on appeal from an earlier order. Our holding today follows similar reasoning. In contrast, it may well be that while a ruling on a post-judgment motion is on appeal, a trial court can assume jurisdiction over a challenge to the conviction based on a *different* claim under a different statutory provision. (See *People v. Buford* (2016) 4 Cal.App.5th 886, 905, fn. 23.)

It made sense for the trial court to *dismiss* Cress's second effort at the same post-judgment claim pending on appeal. In the ordinary course, there will never be an opportunity to adjudicate it. Cress had a full evidentiary hearing on his first section 1172.6 petition, which raised the only claim available under that provision, that his murder conviction was rendered invalid by the legislature's retroactive changes to the murder laws. If that claim is resolved on appeal, then that determination is law of the case and may not be re-litigated. (*People v. Stanley* (1995) 10 Cal.4th 764, 786.) If the claim is remanded for further proceedings in the trial court, then a second petition is also superfluous. Not only did the trial court lack jurisdiction over the petition *at the time*, but there is no reason to expect the trial court will *ever* be able to do anything but dismiss or deny it. If a change in the law or other circumstance that justifies re-litigation develops, then a second petition could be warranted.

RAPHAEL _____

J.

2